## COMMONWEALTH *vs.* MARY MOYLAN.

Essex.  Nov. 3. — 18, 1875.  WELLS, COLT & MORTON, JJ., absent.

Under the St. of 1875, c. 99, § 12, authorizing the mayor and aldermen of a city, by whom a license to sell intoxicating liquors has been issued, to declare a license forfeited upon proof satisfactory to them of a violation of its conditions, after notice to the licensee and reasonable opportunity for him to be heard by them, a licensee cannot be convicted of selling intoxicating liquors in violation of law upon the production of the record of the board of aldermen, showing only that before the sale the board declared his license "revoked," and parol evidence that the licensee was heard upon a charge of having sold intoxicating liquor on the Lord's day, and upon the question of revocation.

COMPLAINT under the St. of 1875, *c.* 99, for the illegal sale of intoxicating liquors on September 16, 1875, to Margaret Monarch. Trial in the Superior Court, before *Pitman,* J., who allowed a bill of exceptions in substance as follows:

The government introduced testimony tending to show that a sale of intoxicating liquor was made to said Monarch.

The defendant relied upon a license of the first class, mentioned in the St. of 1875, *c.* 99, § 7, issued by the mayor and board of aldermen of the city of Salem, dated May 3, 1875, and authorizing the defendant to sell all kinds of intoxicating liquors at the building where said sale was alleged to have been made to said Monarch, until May 1, 1876.

The government then introduced the record of the board of aldermen of the city of Salem, as follows:

"Aug. 17, 1875. The committee on licenses to whom was referred the proposed revocation of the license of Mary Moylan, common victualler and liquor dealer, reported verbally, that they had given a hearing to all parties interested, and were of opinion that it was inexpedient to take further action in the matter. The report was accepted. After some discussion, on motion of Alderman Chapman, it was ordered, that the license to sell intoxicating liquors granted by this board to Mary Moylan May 3, 1875, be and the same is hereby revoked."

Parol evidence was offered by the government, tending to show that the defendant had an opportunity to be heard and was heard, upon a charge of having sold liquor on the Lord's day, before the committee on licenses of the board of aldermen of the city of Salem, and upon the question of the revocation of said license. The defendant objected to the introduction of this evidence ; but the judge admitted it, and the defendant excepted.

It was not contended on the part of the government that the sale to Margaret Monarch was in violation of any of the conditions of the license.

The defendant then requested the judge to rule that no revocation of the license was proved ; but the judge refused so to rule, and instructed the jury that the evidence introduced was competent in law to show a revocation of the license. The jury returned a verdict of guilty ; and the defendant alleged exceptions.

*H. B. Moulton*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

DEVENS, J. The license, which had been granted to the defendant, was subject to forfeiture in case of her conviction before a court of competent jurisdiction of having violated any of its provisions, or of the St. of 1875, *c.* 99, and it might also be determined by the mayor and aldermen by declaring it forfeited "after notice to the licensee and a reasonable opportunity to be heard by them, or by a committee of their number," upon proof satisfactory to them that she had violated or permitted to be violated any of the conditions thereof." St. 1875, *c.* 99, §§ 6, 12, 13. It should have appeared by their record, in some form, that the mayor and aldermen had upon such proof determined her license forfeited by reason of her violation of the conditions upon which it was to be exercised. They were dealing with that which,

under this statute, is deemed a valuable privilege, to obtain which the defendant had paid a considerable sum, and of which she was not liable to be deprived except by such a decision. St. 1875, *c.* 99, § 7. It was not in their power to revoke or recall her license, either arbitrarily, or because they considered it to have been injudiciously granted in the first instance, or for any similar reason. Their power was much more limited, and it cannot be inferred from a vote simply that the license be " revoked," that they have adjudged it forfeited upon proof satisfactory to them, that its conditions had been violated.

Nor is it necessary to determine, in the case before us, whether the deficiency in the recorded vote of the mayor and aldermen could have been supplied by extrinsic evidence that they acted upon proof satisfactory to them, and upon such proof, although using the term "revoked," had determined the license. If the extrinsic evidence admitted be examined, it entirely fails to show that either the committee on licenses (before whom there was a hearing) or the mayor and aldermen ever found the defendant guilty of any breach of its conditions.

*Exceptions sustained.*