<hr />

COMMONWEALTH *vs.* SAMUEL HAMER.

Essex.   Nov. 5, 1879. — Jan. 8, 1880.   COLT & AMES, JJ., absent.

Under the St. of 1875, c. 99, § 12, authorizing the mayor and aldermen of a city, by whom a license to sell intoxicating liquors has been issued, to declare a license forfeited upon proof satisfactory to them of a violation of its conditions, after notice to the licensee and reasonable opportunity for him to be heard by them, a licensee can be convicted of keeping intoxicating liquors for sale in violation of law upon the production of the record of the mayor and aldermen, showing that, before the day named in the complaint, the ·board declared his license forfeited, after a hearing on a verbal complaint made to the board, the licensee being present with counsel, and after a finding that he had violated the provisions of his license.

If any notice is necessary to a licensee, that .his license to sell intoxicating liquors has been revoked by the mayor and aldermen of a city, verbal notice is enough.

COMPLAINT on the St. of 1875, c. 99, alleging that the defendant, on September 2, 1879, at Newburyport, kept intoxicating liquor with intent unlawfully to sell the same in this Com-

monwealth, he not being then and there authorized to sell the same.

At the trial in the Superior Court, before *Rockwell,* J., the defendant admitted that, on the day named in the complaint, he had intoxicating liquors on hand for sale; and relied upon a license to keep for sale intoxicating liquors, granted to him by the mayor and aldermen of Newburyport, for one year from May 1, 1879.

The government introduced the records of the mayor and aldermen of that city, showing that, on August 20, 1879, after a hearing upon a verbal complaint made to the board, the defendant being present with counsel, the board found the defendant guilty of a violation of the provisions of his license, and declared the same forfeited. There was no further record of the board, and no order of the board to notify the defendant of its action, though information of such action was verbally communicated to him, nor was there any complaint in writing made to or filed with the board showing what charges of violation of his license were preferred against him.

The defendant requested the judge to rule that the government had failed to make out a case, no complaint in writing having been made or filed in the city clerk's office, or with the board of aldermen, alleging any violation of the provisions of his license, upon which he could be called to answer; that a revocation of his license, without a written complaint informing him upon what charges he was called to answer, was not sufficient; and that he was entitled to a verdict.

The judge ruled otherwise. The jury returned a verdict of guilty, and the defendant alleged exceptions.

*J. G. Gerrish,* for the defendant.

*G. Marston,* Attorney General, for the Commonwealth.

SOULE, J. It is provided by the St. of 1875, *c.* 99, § 12, that "the mayor and aldermen or the selectmen of the city or town by which a license" for the sale of spirituous or intoxicating liquors "has been issued, after notice to the licensee and reasonable opportunity for him to be heard by them, or by a committee of their number, may declare his license forfeited upon proof satisfactory to them that he has violated, or permitted to be violated, any of the conditions thereof." By this provision the mayor and alder-

men of the city of Newburyport were authorized, after due notice to the defendant of any charge against him of violating his license, to investigate the matter, and, if satisfied by proof that he had violated any of its provisions, to declare his license forfeited. Such action of the mayor and aldermen must appear in some form by their record, in order to its having any validity, because the record of that body is the ordinary and regular evidence of its acts. It is not enough that the record should show merely that the board determined to revoke the license, because it has not the power to do this arbitrarily, or because it has become satisfied that the license was inconsiderately issued. The power to revoke is limited by the provision of the statute to cases in which, after due notice and reasonable opportunity to the licensee to be heard, the board is satisfied by proof that he has violated or permitted to be violated one or more of the conditions of his license, and the record must show that the order of revocation is made under such circumstances that the board making it was acting within its jurisdiction. *Commonwealth* v. *Moylan*, 119 Mass. 109.

In the case at bar, the record of the mayor and aldermen shows that the board declared the defendant's license forfeited, after a hearing on a verbal complaint made to the board, the defendant being present with counsel, and after a finding that he had violated the provisions of his license. We are of opinion that this record is sufficient for the purpose. The statute does not require, in terms, that the hearing shall be had on a written complaint, nor that the complaint shall be recorded, nor that the record shall indicate the particular way in which the licensee is found to have violated his license. Nor do we see any satisfactory reason for holding that the record should be thus full. As no license can be declared forfeited till the licensee has had notice of the charge against him and an opportunity to be heard upon it, there is no danger that he will be surprised by any finding or order of the board; and as the result is the same, whatever may be the particular in which he has violated the provisions of his license, and there is no appeal from the decision of the board, the requirements of the law are satisfied if the record shows, in the general form, which was adopted in the case under consideration, that the notice to the licensee and the opportunity to be heard

were given, and that the fact that he had violated the provis-
ions of his license was found, before the license was declared
forfeited.

The defendant admitted that he kept intoxicating liquors for
sale, and attempted to justify under a license. He started with
the presumption that he was not licensed. St. 1864, *c.* 121.
This presumption could be overcome only by proof of a valid
license subsisting at the time of the alleged offence. It was not
overcome by the proof of a license issued which had afterward
been forfeited. There is no provision of law that the forfeiture
of a license shall not take effect till written notice thereof is
served on the licensee. Verbal notice is enough, if any notice
is necessary. *Exceptions overruled.*