## COMMONWEALTH *vs.* MAURICE WALL.

Worcester. October 3. — 21, 1887. C. ALLEN & KNOWLTON, JJ.,
absent.

At the trial of a complaint for keeping intoxicating liquors with intent unlawfully
to sell the same, the defendant admitted that a license issued to him to sell such
liquors had been revoked by the board of aldermen granting it, upon proof
satisfactory to the board that he had violated the conditions thereof. The
defendant, for the purpose of showing that said revocation was invalid, on the
ground that he was afforded no reasonable opportunity to be heard, offered to
show that he was cited to appear before the board on a certain evening, to
attend a hearing upon the revocation of his license; that on that evening he
was confined to his bed by reason of illness, and was unable to attend the hear-
ing; that he was represented by counsel, who presented to the board the certifi-
cate of his physician of his physical inability to be present, and requested a
continuance of the hearing; that thereupon the city marshal stated to the
board, but not under oath, that the defendant was in his saloon attending to
business that afternoon, which statement the defendant offered at the trial to
prove was incorrect; that it was then voted to proceed with the hearing; that
the board refused his request for a continuance, upon which his counsel left;
and that, after a hearing, the board revoked the license. The judge ruled that,
upon these facts, if proved, the revocation was valid. *Held*, that the ruling
was right.

COMPLAINT for keeping, on July 9, 1887, intoxicating liquors
with intent unlawfully to sell the same in this Commonwealth.
Trial in the Superior Court, before *Pitman*, J., who allowed a
bill of exceptions, in substance as follows:

The evidence for the government tended to show that the
defendant, on July 9, 1887, kept certain intoxicating liquors at
his grocery, with intent to sell the same.

It was admitted by the government that the defendant had
received from the board of aldermen of Worcester a license of
the fourth class, for the sale of intoxicating liquors at his grocery
for the term of one year from the first day of May, 1887.

It was admitted by the defendant, that the board of aldermen,
on June 6, 1887, passed an order revoking his said license, upon
proof satisfactory to the board that he had violated the conditions
thereof.

The defendant, for the purpose of showing said order of revo-
cation to be invalid, and not destructive of his rights under
said license, on the ground that no reasonable opportunity was

afforded the defendant to be heard, offered to show that, on Saturday, June 4, 1887, he was cited to appear before said board of aldermen on the following Monday evening, June 6, at eight o'clock, to attend a hearing upon the revocation of his license; that on said Monday evening he was confined to his bed by reason of sickness, and was unable to attend said hearing; that he was represented by counsel, who presented to the board of aldermen the certificate of his physician of his physical inability to be present, and requested a continuance of said hearing; that thereupon the city marshal stated to the board, but not under oath, that the defendant was in his saloon attending to business that afternoon, which statement the defendant now offered to prove was incorrect; that it was then voted to proceed with the hearing; that the aldermen refused his request for a continuance, upon which his counsel left; and that the board, after a hearing, revoked his license.

The judge ruled that, upon the foregoing facts, if proved, the revocation was valid. The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. R. Thayer*, for the defendant.

*A. J. Waterman*, Attorney General, for the Commonwealth.

FIELD, J. It is admitted by the defendant, that the record of the board of aldermen showed that his license had been by it declared to be forfeited, upon proof satisfactory to the board that he had violated the conditions of the license; and that this was done after notice to him, and an opportunity to be heard. Pub. Sts. c. 100, § 16. See *Commonwealth* v. *Moylan*, 119 Mass. 109; *Commonwealth* v. *Hamer*, 128 Mass. 76.

He contends, however, that the facts which he offered to prove show that he did not have a reasonable opportunity to be heard. His alleged grievance is, that, on account of his illness, he was entitled to a continuance of the hearing, and that this was refused.

The defendant was represented by counsel, who left after the request for a continuance had been refused. It thus appears that the board of aldermen had jurisdiction over the subject matter, and over the person of the defendant, so far as was required, in order to enable it to determine the question before the board. The motion for a continuance was addressed to the

discretion of the board. We need not decide whether the manner in which this discretion was exercised can be reviewed by this court, for, if this can be done, it can only be by some proceeding to which the board of aldermen is a party.

*Exceptions overruled.*