COMMONWEALTH vs. JOSEPH F. BEARCE.

Norfolk.   November 25, 1889. — January 1, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Intoxicating Liquors — License — Publication of Notice of Application — Revocation — Notice.*

A petition to a district court for the revocation of licenses to sell intoxicating liquors, issued to J. F. B. and Son, alleged that the published notices of the applications therefor recited that the applicants were " J. F. B. and Son," and described the premises where the licenses were to be exercised as " the first floor of a building situated on the easterly side of S. M. Street, owned by C. B."; and prayed that they might be revoked because the publications did not set out the names of the applicants fully, nor contain the requisite particular description of the premises.   Due notice of the proceedings was given to J. F. B. only, and the district court, after a hearing at which the averments of the petition were supported by competent evidence, revoked the licenses.   *Held*, that the notice to J. F. B. was sufficient, and that the licenses were legally revoked.

COMPLAINT for keeping and maintaining a common nuisance, to wit, a tenement in Randolph used for the illegal sale and illegal keeping for sale of intoxicating liquors, from July 1, 1888, to July 31, 1888.   Trial in the Superior Court, before *Pitman*, J., who allowed a bill of exceptions, in substance as follows.

There was evidence tending to prove the following facts.   A license of the first class for the year ending in 1889, to sell intoxicating liquors to be drunk on the premises, being the tenement in question, as well as a license of the fourth class and a common victualler's license, was issued by the board of selectmen of Randolph to J. F. Bearce and Son, a firm composed of the defendant and his son.   A record of the District Court of East Norfolk disclosed an order, of which due notice was given to the board of selectmen of Randolph, purporting to revoke these licenses to sell intoxicating liquors.   The order was dated July 21, 1888, and, under the caption " Commonwealth on complaint of Thomas Farrell vs. Licenses granted to J. F. Bearce and Son," recited that, " Whereas, upon due notice to said licensees, and a hearing in which the Commonwealth and the respondents were represented

by counsel, it appears to the court that the allegations of said complaint are sustained by competent evidence, it is now ordered that both of the licenses to sell intoxicating liquors described therein, to wit, one license of the first class and one license of the fourth class, granted by the selectmen of Randolph to said J. F. Bearce and Son, be and are hereby revoked and declared to be void." The petition or complaint to the district court, dated and sworn to by Farrell on July 9, 1888, upon which the above order was made, stated that on or about May 17, 1888, "an application was made to the board of selectmen (as the licensing board) of said Randolph, signed J. F. Bearce and Son, for a license of the first and of the fourth class to sell intoxicating liquors; that the premises designated in said applications were described as follows : 'the first floor of a building situated on the easterly side of South Main Street, owned by Catherine Bearce'; that notices of said applications were first published by the selectmen May nineteenth, A. D. 1888 ; that the description of the premises in the notices so advertised was the same as in the applications aforesaid; that the applicants were therein designated J. F. Bearce and Son; that thereafter, to wit, on or about May thirty-first, A. D. 1888, said board granted, under the applications published as aforesaid, a license of the first and a license of the fourth class to said J. F. Bearce and Son to sell intoxicating liquors; and that thereafter, to wit, on or about June fourth, A. D. 1888, said licenses were issued, the licensees therein and thereunder being designated as J. F. Bearce and Son, — contrary to the form of the statute in such case made and provided." The prayer of the petition was that such licenses might be revoked, under the Pub. Sts. c. 100, § 6, for the reasons : " First, because in the notices of the applications aforesaid, published as aforesaid, there was not such a particular description of the premises on which the licenses were to be exercised as the statute contemplates; secondly, because said notices did not set forth the names of the applicants in full." The return of an officer upon the above petition, dated the same day, recited that he had notified J. F. Bearce to appear on July 11, 1888, to show cause why the prayer of the petition should not be granted.

During the time alleged, and after the alleged revocation of the licenses, intoxicating liquors were kept for sale and were

sold on the premises by the defendant, who in his son's absence was in control of the same and acted for him, and who justified the sales under the license of the first class.

The defendant contended that the revocation could only affect the defendant as licensee in the license, and that the son could, notwithstanding the revocation, still continue the business by himself, his agents and servants; and that the keeping for sale and selling of liquor by the defendant, as agent for his son, during the time alleged, would be justified under the license. But the judge refused so to rule, and instructed the jury that the license was not a valid license to the son, inasmuch as the full name of the son was not given in the license, as required by the statute, and that the license was properly revoked, and afforded no protection to the defendant thereafter.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. L. Eldridge*, for the defendant.

*A. J. Waterman*, Attorney General, & *H. A. Wyman*, Second Assistant Attorney General, for the Commonwealth.

KNOWLTON, J. In the Pub. Sts. c. 100, § 5, it is provided that a license to sell intoxicating liquors " shall name the person licensed." Whether a license to a partnership is sufficient, if made in the name of the firm, it is unnecessary in this case to decide. It is clear that the license to " J. F. Bearce and Son " did not sufficiently name any one but J. F. Bearce, unless he was a member of a firm doing business as " J. F. Bearce and Son." If the license was in form a proper license to a partnership, and would protect both the partners, it was unnecessary to give notice of the hearing to be had upon an application to revoke it to more than one member of the firm. For it was not a license to two persons as individuals. It was a license to a firm as a single party comprising two persons; and notice to either was notice to the firm. If there was no such partnership as " J. F. Bearce and Son," or if a license to a firm must name all the partners, no one but J. F. Bearce was sufficiently named in the license, and notice of the proceedings for revocation was to be given to him alone.

We think the license was legally revoked. We have already considered the notice of the hearing. The petition to the dis-

trict court was sufficient in form.  We cannot apply to it the strict rules of criminal pleading, and hold that it was fatally defective because it made the same allegations at the same time in regard to both licenses.  It stated the reasons for asking a revocation of the licenses, either of which was sufficient, and the record states that the allegations of the petition were supported by competent evidence.  The Pub. Sts. c. 100, § 6, provide for the publication of notices of all applications for licenses, and require that "such notice shall set forth the name of the applicant in full, the class of the license applied for, and a particular description of the premises on which the license is to be exercised, designating the building or part of a building to be used," etc.  The purpose of this publication is to give to all persons interested full information of what is proposed.  In this notice, a name of a firm which does not state the names of the persons who compose the firm is not a proper designation of an applicant.  The name of an applicant must be given in full, to enable the public to know the person or persons who are to conduct the business, and to determine whether objection should be made to granting the license, as well as to enable the licensing authorities to decide, under § 8, whether the applicant is unfit to receive a license.

We are of opinion that the district court might well find that in the notices there was not such a particular description of the premises on which the licenses were to be exercised as the statute contemplates, and that the names of the applicants, who purported to be two persons, were not set forth in full, in accordance with the requirement of the statute.

*Exceptions overruled.*