CHICAGO—FIRST DISTRICT—JANUARY, 1918.    455

Braucher v. Bd: of Examiners of Architects, 209 Ill. App. 455.

## Ernest N. Braucher, Appellee, v. Board of Examiners of Architects of the State of Illinois, Appellant.

### Gen. No. 23,106; (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Affirmed. Opinion filed January 31, 1918.

### Statement of the Case.

Petition by Ernest N. Braucher, petitioner, against the Board of Examiners of Architects of the State of Illinois, respondent, for a common-law writ of certiorari. The judgment sustained the writ and ordered that the record of the respondent finding petitioner guilty of gross incompetency and dishonest practice and revoking his license as an architect be quashed. From the judgment on the return to the petition, respondent appeals.

EDWARD J. BRUNDAGE and JOHN J. FALVEY, for appellant.

THORNTON & CHANCELLOR, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

### Abstract of the Decision.

1. CERTIORARI, § 47*—*what considered on return to common-law writ of.* On a return to the common-law writ of certiorari, the court does not consider or weigh the evidence but examines the record solely for the purpose of inquiring, first, whether the inferior tribunal has exceeded its jurisdiction, and, second, whether it has proceeded illegally.

2. ARCHITECTS AND ENGINEERS, § 1a*—*when citation in proceeding to revoke architect's certificate is insufficient.* A citation issued in

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and. section number.

a proceeding to revoke an architect's license on the grounds of gross incompetency in the construction of buildings and of dishonest practices as a licensed architect is insufficient where it sets forth that the incompetency was in connection with the sale of four sets of plans of two buildings, but affirmatively alleges that he did not draw the plans and did not supervise the drawing, and fails to allege that he approved them, while it does allege that he knew that the plans were improperly and insufficiently drawn for the purposes for which they were intended.

3. ARCHITECTS AND ENGINEERS, § 1a*—*what does not constitute dishonest practice by architect.* A single transaction, although consisting of the sale of four sets of plans of two buildings, does not constitute "dishonest practices" within the meaning of the Architects' Licensing Act (J. & A. ¶ 484).

4. ARCHITECTS AND ENGINEERS, § 1a*—*when citation in proceeding to revoke architect's license is insufficient.* A citation issued in a proceeding to revoke an architect's license for "dishonest practices" is insufficient where it fails either to allege a fraudulent intent on his part or to set up facts from which such fraudulent intent may be inferred.