FREDERICK HIGGINS *vs.* LICENSE COMMISSIONERS OF
QUINCY.

Suffolk.    October 10, 1940. — January 27, 1941.

Present: FIELD, C.J., DOLAN, COX, & RONAN, JJ.

*License.    Notice.    Petroleum Products.*

It is a substantive right of a licensee under G. L. (Ter. Ed.) c. 148, § 13,
as amended by St. 1938, c. 99, that a notice to him to show cause why
his license should not be revoked shall contain a statement of the
grounds upon which the licensing authority proposes to proceed suf-
ficiently definite fairly to apprise him of the charges he must be pre-
pared to meet.

Upon a notice to the holder of a license, issued under G. L. (Ter. Ed.)
c. 148, § 13, as amended by St. 1938, c. 99, to show cause why the
license, which had been issued without conditions, should not be re-
voked for "breach of conditions of said permit," the licensing board
had no power to revoke the license merely on the ground of a mis-
representation made by the licensee which led to the granting of the
license.

PETITION, filed in the Supreme Judicial Court for the
county of Suffolk on May 5, 1939.

The case was heard by *Donahue*, J.

*E. O. Proctor*, (*H. G. Seligman* with him,) for the peti-
tioner.

*R. S. Riley*, for the respondents, submitted a brief.

RONAN, J.    This is a petition for a writ of certiorari to
quash the revocation by the respondent board on April 28,
1939, of a license, issued to the petitioner on January 13,
1939, under G. L. (Ter. Ed.) c. 148, § 13, as amended by
St. 1938, c. 99, to keep, store and sell petroleum products
and denatured alcohol upon certain premises in Quincy.
The return as extended shows that the respondent board
mailed, postpaid, on April 24, 1939, a notice addressed to
the petitioner to the effect that a hearing would be held at
a certain hour on April 28, 1939, in the office of the city
clerk, to show cause why his license should not be revoked
for "Breach of conditions of said permit"; that a hearing

was held at the time and place stated in the notice, at which the petitioner did not appear and at which the board unanimously voted to revoke the license. The petitioner was notified under date of April 28, 1939, that his license was revoked for breach of its conditions. The return as extended further disclosed that, before the issuance of the license, the respondent board, "following its usual custom, as a condition of the issuance of the license required that the petitioner truthfully state in writing the kind and quality of materials" that he intended to sell; that the petitioner sent a letter in which he stated that he had made a contract with a certain company for the purchase of oil and gasoline to be sold by him provided the license was granted; that the license was revoked because the board found that the petitioner was not the owner or occupant of the licensed premises; that gasoline and oil were sold upon the licensed premises by an oil company directly to customers; that the written statement of the petitioner, made before the granting of the license, that he had contracted for the oil and gasoline from a certain company was a misstatement; that the petitioner was not the real applicant for or the user of the license but was in fact a straw for the real applicant, another oil company; and that the petitioner had deliberately attempted to conceal the identity of the real owner and operator of the premises. The judge found that the petitioner received the notice of the hearing but did not appear, and that the license was revoked on account of "misrepresentations by the licensee as to matters which the board could properly take into account in the issuance of such a license." He ordered the petition dismissed. The petitioner excepted to this order and to the refusal to grant certain of his requests for rulings.

The nature of a license authorizing the use of a building or structure to keep, store, manufacture and sell gasoline and similar products has been determined by this court. Such a license in one aspect is a personal privilege, conferred upon one to enable him to use his land for certain purposes; and in another aspect the license, as soon as the rights conferred by it are exercised, becomes a grant which attaches

and thereafter runs with the land. *Quinn* v. *Middlesex Electric Light Co.* 140 Mass. 109. *Hanley* v. *Cook*, 245 Mass. 563. *Marcus* v. *Street Commissioners of Boston*, 252 Mass. 331. *Simon* v. *Meyer*, 261 Mass. 178. *Weiss* v. *Mayor & City Council of Woburn*, 263 Mass. 30. *Saxe* v. *Street Commissioners of Boston*, 307 Mass. 495. The license is not a contract but is the means adopted to accomplish or carry out a provision enacted under the police power to supervise and control a certain use of private property which, unless regulated, might result in a serious fire hazard threatening the safety of the community. *Calder* v. *Kurby*, 5 Gray, 597. *Newcomb* v. *Aldermen of Holyoke*, 271 Mass. 565.

The license was granted in accordance with the statute, G. L. (Ter. Ed.) c. 148, § 13, as amended by St. 1938, c. 99, which provided that it "may be revoked for cause, after notice and a hearing given to such owner or occupant, by the local licensing authority." The rights of the petitioner are entirely dependent upon the provisions of the statute. He sought and secured a license that was subject to a power of revocation which, if exercised in compliance with the statute, would give him no just ground of complaint. *Commonwealth* v. *Kinsley*, 133 Mass. 578. *Union Institution for Savings* v. *Boston*, 224 Mass. 286. *Burgess* v. *Mayor & Aldermen of Brockton*, 235 Mass. 95. *Newcomb* v. *Aldermen of Holyoke*, 271 Mass. 565. *Revere* v. *Riceman*, 280 Mass. 76. *N. V. Handel Industrie Transport Maatschappij* v. *State Fire Marshal*, 305 Mass. 482.

The statute does not enumerate the specific grounds upon which the power of revocation may be exercised, *Commonwealth* v. *Moylan*, 119 Mass. 109; *Commonwealth* v. *Hamer*, 128 Mass. 76; but authorized in general terms a revocation for cause. Consequently, a revocation cannot be effected except for a cause sufficient in law. *Dunn* v. *Mayor of Taunton*, 200 Mass. 252, 258. *Gardner* v. *Lowell*, 221 Mass. 150, 153. *Bailen* v. *Assessors of Chelsea*, 241 Mass. 411, 414. *Corrigan* v. *School Committee of New Bedford*, 250 Mass. 334. *Rinaldo* v. *School Committee of Revere*, 294 Mass. 167. *Houghton* v. *School Committee of Somerville*, 306 Mass. 542.

The statute explicitly recognizes the right of a licensee to a notice, and to an opportunity to be heard upon the cause assigned in the notice upon which the respondents propose to proceed. The power of the board to proceed is measured by the statute; compliance with it is essential, if the action of the board is to be valid. *Tucker* v. *Boston,* 223 Mass. 478. *Thomas* v. *Municipal Council of Lowell,* 227 Mass. 116. *Stiles* v. *Municipal Council of Lowell,* 233 Mass. 174. The function of the respondent board in passing upon the revocation of a license is therefore of a *quasi* judicial character. *Ham* v. *Boston Board of Police,* 142 Mass. 90. *McCarthy* v. *Emerson,* 202 Mass. 352. *Driscoll* v. *Mayor of Somerville,* 213 Mass. 493. *Swan* v. *Justices of the Superior Court,* 222 Mass. 542. *Murphy* v. *Casey,* 300 Mass. 232.

One of the prerequisites to the exercise of the statutory power is that notice setting forth the grounds upon which the respondent board intends to proceed must be given to the licensee. While it is the initial step in the procedural process required by the statute, yet it is not a matter of procedure alone but one of substantive right. *Stiles* v. *Municipal Council of Lowell,* 233 Mass. 174. *McKenna* v. *White,* 287 Mass. 495. The notice need not be drafted with the certainty of a criminal pleading, *Commonwealth* v. *Bearce,* 150 Mass. 389; *Mayor of Medford* v. *Judge of the First District Court of Eastern Middlesex,* 249 Mass. 465; *Matter of Mayberry,* 295 Mass. 155, 160, 161, but due regard must be had to the nature of the proceeding and the character of the rights that may be affected. *In re Wood & Henderson,* 210 U. S. 246. *Missouri* v. *North,* 271 U. S. 40. *Grandview Dairy, Inc.* v. *Baldwin,* 239 App. Div. (N. Y.) 640. *Silverstein* v. *Mealey,* 259 App. Div. (N. Y.) 854. *State* v. *Becker,* 326 Mo. 1193. *Dyment* v. *Board of Medical Examiners,* 57 Cal. App. 260, 265. *Abrams* v. *Daugherty,* 60 Cal. App. 297, 303. *Klafter* v. *Examiners of Architects,* 259 Ill. 15, 22. *Braucher* v. *Examiners of Architects,* 209 Ill. App. 455. The grounds upon which it is proposed to proceed should be stated with reasonable particularity so that the notice is sufficiently definite fairly to apprise

the licensee of the charges which he must be prepared to meet. *Ham* v. *Boston Board of Police*, 142 Mass. 90, 95. *Boston Bar Association* v. *Greenhood*, 168 Mass. 169, 184. *Stiles* v. *Municipal Council of Lowell*, 229 Mass. 208, 210. *Graves* v. *School Committee of Wellesley*, 299 Mass. 80, 85, 86. *Morgan* v. *United States*, 304 U. S. 1, 18, 19. *National Labor Relations Board* v. *Mackay Radio & Telegraph Co.* 304 U. S. 333, 349. Mere defects in matters of form will not invalidate a notice if enough remains for the person whose rights may be affected reasonably to understand the substance and the nature of the ground upon which he is called upon to answer. Such a notice must comply with the requirements of natural justice and of fair play, and must, in conjunction with the hearing, be sufficient to accomplish substantial justice in accordance with the general aim of similar statutory proceedings. *McCarthy* v. *Emerson*, 202 Mass. 352. *Davis* v. *Board of Registration in Medicine*, 251 Mass. 283. *Whitney* v. *Judge of the District Court of Northern Berkshire*, 271 Mass. 448. *Railroad Commission of California* v. *Pacific Gas & Electric Co.* 302 U. S. 388. *Federal Communications Commission* v. *Pottsville Broadcasting Co.* 309 U. S. 134.

The petitioner contends that the cause upon which the respondent board purported to revoke the license was not a sufficient ground. The securing of a license on the misrepresentation of the applicant that he was the true owner of the premises and that he intended to conduct the business in good faith has been held to constitute a fraud upon the licensing board and to be adequate ground for the revocation of the license. *Johnson* v. *Towsley*, 13 Wall. 72. *State* v. *Zachritz*, 166 Mo. 307. *Andrews* v. *Auer*, 177 Mich. 244. *State* v. *O'Brien*, 201 Wis. 356. *Opera Wine & Liquor Corp.* v. *State Liquor Authority*, 258 App. Div. (N. Y.) 839. Whether misrepresentation by the petitioner in securing the license in respect to the matters disclosed by the return and found by the single justice is sufficient ground for the revocation of the license need not be decided, in the view we take of the case; and we assume in favor of the respondent board that the ground upon which it acted was sufficient

in law and that the cause assigned in the notice set forth a cause adequate for revocation of the license.

This brings us to the principal contention of the petitioner, that the cause assigned was not the cause upon which the action of the board was based.  He contends that revocation was not based upon "Breach of conditions of said permit." The license itself, a copy of which is included in the return, did not contain any express conditions.  The statute does not in terms provide for the imposition of conditions or for the conditional issue of a license.  But if the board did impose certain conditions, *Commonwealth* v. *Willcutt,* 259 Mass. 406; *Leach* v. *State Fire Marshal,* 278 Mass. 159, they do not appear to be included in the vote granting the license or to have been made a part of the records of the board.  *Morrison* v. *Selectmen of Weymouth,* 279 Mass. 486, 494.

The petitioner could properly assume that the only complaint that would be heard was whether he had committed any breach of the terms of his license, and he could also properly assume that, without warning to him, no other ground for the revocation would be asserted or heard. *Daley* v. *District Court of Western Hampden,* 304 Mass. 86. *Ohio Bell Telephone Co.* v. *Public Utilities Commission of Ohio,* 301 U. S. 292.

Breach of the conditions of the permit must be construed to mean existing violations of the terms of the license and to refer to some conduct of the licensee which was inconsistent with the provisions of his license.  We do not think that a charge that he had breached the conditions of his license can fairly be understood to relate to conduct of the petitioner as an applicant or to his action antecedent to the issuance of the license.  It is plain that there is a difference between charging one with having fraudulently obtained a license and charging him with violating the terms of a license.  A license subject to forfeiture for violation of the conditions upon which it was to be exercised cannot be revoked or recalled by the licensing board "either arbitrarily, or because they considered it to have been injudiciously granted in the first instance, or for any similar

reason." *Commonwealth* v. *Moylan,* 119 Mass. 109, 111. The license could not be revoked for a cause different from that alleged in the notice. *Mayor of Medford* v. *Judge of the First District Court of Eastern Middlesex,* 249 Mass. 465, 473. *Matter of Sleeper,* 251 Mass. 6. *Murphy* v. *Casey,* 300 Mass. 232, 236. *Commonwealth* v. *Albert,* 307 Mass. 239. *Federal Trade Commission* v. *Gratz,* 253 U. S. 421, 427. *National Labor Relations Board* v. *Mackay Radio & Telegraph Co.* 304 U. S. 333, 349. *Willie Harmon's Auto School* v. *Harnett,* 254 App. Div. (N. Y.) 707. *Silverstein* v. *Mealey,* 259 App. Div. (N. Y.) 854.

The return as extended shows that the license was revoked upon a ground other than that contained in the notice. The decision was based upon matters concerning which the petitioner had never been given an opportunity to answer. *American Employers' Ins. Co.* v. *Commissioner of Insurance,* 298 Mass. 161, 167. *People* v. *Wilson,* 179 App. Div. (N. Y.) 416. Such an administrative proceeding is lacking in the "'rudiments of fair play' . . . long known to our law." *West Ohio Gas Co.* v. *Public Utilities Commission of Ohio,* 294 U. S. 63, 71. *Morgan* v. *United States,* 298 U. S. 468, 478; *S. C.* 304 U. S. 1, 15. *Ohio Bell Telephone Co.* v. *Public Utilities Commission of Ohio,* 301 U. S. 292, 300.

We think there was error in denying certain requests and in dismissing the petition.

*Exceptions sustained.*