MARGARET W. MANCHESTER *vs.* SELECTMEN OF
NANTUCKET.

Nantucket. October 29, 1956. — December 7, 1956.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS,
& WHITTEMORE, JJ.

*License. Notice. Administrative Board or Officer. Innholder. Moot
Question. Certiorari.*

An innholder whose license had been suspended for a specified week by
the licensing authorities under G. L. (Ter. Ed.) c. 140, § 30, was not
barred from seeking to quash the suspension by the fact that the
week had expired. [158]

Under G. L. (Ter. Ed.) c. 140, § 30, an innholder's license can be revoked
or suspended by the licensing authorities only after notice of a hear-
ing on the charges against him and such a hearing. [158–159]

A notice from the selectmen of a town as the licensing authorities to the
holder of an innholder's license conducting a summer hotel, that a
hearing would be held by them under G. L. (Ter. Ed.) c. 140, § 30, at
a designated time and place "on complaints received by the board as
regards your operation of" the hotel, was insufficient in failing to in-
form the licensee with requisite particularity of the charges he would
be called upon to meet at the hearing. [159]

An innholder who, after seasonably receiving notice of a hearing by select-
men as licensing authorities under G. L. (Ter. Ed.) c. 140, § 30, "on
complaints" with respect to his operation of the inn, merely filed an
objection to the proceeding on the ground of insufficiency of the
notice and then withdrew and took no part in the hearing, without
requesting additional information as to the charges against him or
postponement of the hearing, could not successfully challenge a sus-
pension of his license by the selectmen following the hearing. [159]

PETITION, filed in the Superior Court on August 24,
1955, for a writ of certiorari.

The case was heard by *Collins,* J.

*George M. Poland,* for the petitioner.

*Haughton E. Sanguinetti,* for the respondents.

SPALDING, J. The petitioner conducts a summer hotel in
Nantucket and holds an innholder's license under G. L.
(Ter. Ed.) c. 140, § 2. On August 18, 1955, the selectmen

of the town (the licensing authorities under § 2 and the respondents in these proceedings) received a petition signed by twelve residents and property owners of Nantucket complaining of the manner in which the petitioner's hotel was conducted. The respondents held a special meeting on August 19, 1955, and voted to hold a hearing on the complaint on August 24, 1955. On August 20 the respondents caused the following notice to be delivered to the petitioner:

"You are herewith advised that under Chapter 140 Sec. 30 of the Gen. Laws of Massachusetts, a hearing will be held at 10 AM Wednesday Aug. 24th 1955 at the Selectmens Rooms 17 Federal St. on complaints received by the Board as regards your operation of the premises known as 'Nantucket New Ocean House.' "

The respondents held a hearing on August 24 at the time and place stated in the notice. At that time, and before the hearing began, the petitioner filed an objection with the respondents and then withdrew and took no part in the hearing. The petitioner's objection reads as follows:

"In Re: Notice Dated August 20, 1955

To the Honorable Board of Selectmen of Nantucket:

Mrs. Margaret W. Manchester doing business as Nantucket's New Ocean House objects to any proceedings being had by your Honorable Board under General Laws Chapter 140 Section 30 upon the notice to her dated August 20, 1955 for the reason that said notice is insufficient as matter of law to support action under said statute, and is vague and indefinite and makes no charge which could warrant action under said statute.

By her attorney

/s/ G. M. Poland"

The respondents proceeded with the hearing and heard various witnesses. No evidence was offered by the petitioner or anyone on her behalf. Immediately following the hearing the respondents voted that the petitioner's innholder's license be suspended for one week commencing at noon on August 26, 1955, and notice of this decision was served on the petitioner on the afternoon of August 24.

The petitioner brought this petition for certiorari to quash the proceedings, described above. The case was heard on the petition and the return. The judge made an order dismissing the petition (1) as matter of law and (2) as matter of discretion. The case comes here on the petitioner's exceptions to this order and to the denial of the following requests for rulings: "1. The notice of hearing dated August 20, 1955, gave the selectmen no jurisdiction to suspend the petitioner's license as innholder." "3. The order of the respondents suspending the petitioner's license as innholder, dated August 24, 1955, should be quashed."

The judge rightly ruled, as requested by the petitioner, that the case was not moot. *Kenworthy & Taylor, Inc.* v. *State Examiners of Electricians,* 320 Mass. 451. So far as the order dismissing the petition rests on the element of judicial discretion, it was exercised against the petitioner and presents no question of law. *Peckham* v. *Mayor of Fall River,* 253 Mass. 590, 592. Compare *Massachusetts Society of Graduate Physical Therapists, Inc.* v. *Board of Registration in Medicine,* 330 Mass. 601, 605–606. The question thus presented is whether the petitioner is entitled to prevail as matter of law.

General Laws (Ter. Ed.) c. 140, § 30, reads: "A license issued under sections twenty-two to thirty-one, inclusive, or an innholder's license, shall be revoked if at any time the licensing authorities are satisfied that the licensee is unfit to hold the license. They may suspend and make inoperative, for such period of time as they may deem proper, the licenses mentioned herein for any cause deemed satisfactory to them. The revocation and suspension shall not be made until after investigation and a hearing, or after giving the licensee an opportunity to be heard; notice of the hearing shall be left at the premises of the licensee not less than three days before the time therefor." We interpret this section as providing that a license of the sort here involved can be revoked or suspended by the licensing authorities only after notice and hearing. The purpose of the notice is to inform the license holder with reasonable par-

ticularity of the charges that he will be called upon to meet at the hearing so that he can properly prepare his defence. See *Higgins* v. *License Commissioners of Quincy*, 308 Mass. 142, 145–146, and cases cited.

We are of opinion, as the petitioner argues, that the notice sent by the respondents failed to inform the petitioner with sufficient particularity of the charges she would be called upon to meet; it told her only that she would be given a hearing at a designated time and place "on complaints received by the Board as regards your operation of the premises known as 'Nantucket New Ocean House.'" While such notices are not to be tested by the standards applicable to a criminal pleading (see *Higgins* v. *License Commissioners of Quincy*, 308 Mass. 142, 145), fairness requires more than was contained in the notice here. The petitioner, however, by filing an objection to the notice and not taking part in the hearing could not thereby deprive the respondents of jurisdiction to proceed with the hearing and render a decision. The petitioner should have asked for additional information concerning the charges that she was to meet; and if upon obtaining such information she needed further time in which to prepare her case she could have asked for a postponement. See Davis, Administrative Law, 279–280. If these requests had been denied a very different question would be presented. The petitioner, however, did none of these things. We are of opinion that in these circumstances she is in no position to challenge the suspension of her license. Cases such as *Higgins* v. *License Commissioners of Quincy*, 308 Mass. 142 and *Becker Transportation Co. Inc.* v. *Department of Public Utilities*, 314 Mass. 522 cited by the petitioner, are not controlling. In those cases the licenses were revoked on grounds different from those stated in the notices. That is not the situation here.

*Exceptions overruled.*