M. FRANCIS FLYNN *vs.* DEPARTMENT OF PUBLIC UTILITIES.

Suffolk.   May 2, 1938. — January 10, 1939.

Present: LUMMUS, QUA, DOLAN, & COX, JJ.

*Department of Public Utilities. Gas Company. Electric Company. Trust,* Massachusetts trust. *Equity Jurisdiction,* Review of order of department of public utilities. *Mandamus.*

The department of public utilities had no supervisory and investigating powers under § 76A, added to G. L. (Ter. Ed.) c. 164 by St. 1935, c. 335, § 1, respecting a contract between a foreign corporation and trusts which were "affiliated companies" of gas and electric companies within that section, for the exchange of majority and minority stock interests in gas and electric companies.

A shareholder in a trust which was a stockholder in gas and electric companies was not entitled to a review in equity under G. L. (Ter. Ed.) c. 25, § 5, or c. 182, § 10, of a refusal by the department of public utilities to exercise wholly discretionary powers of investigation; nor could he by mandamus compel the department to consider a complaint by him respecting a matter over which it had such powers.

PETITION in equity and PETITION for a writ of mandamus, · filed in the Supreme Judicial Court for the county of Suffolk on July 27, 1937.

The cases were reserved and reported by *Pierce,* J.

*M. Z. Kolodny,* (*W. C. Marshall* with him,) for the petitioner.

*R. Clapp,* Assistant Attorney General, for the respondents.

LUMMUS, J.  A common stockholder in a so called Massachusetts trust, formed March 31, 1927, called Massachusetts Utilities Associates, seeks to compel the respondent department to deal further with his complaint concerning a contract and transaction between that trust and another called New England Gas and Electric Association.  The matter comes to this court (1) by petition for review in equity, and (2) by petition for a writ of mandamus.  A single justice reserved both cases for the full court without decision.

The petition for review in equity is based upon G. L. (Ter. Ed.) c. 25, § 5, which requires the "commission" (which substantially means the department), "when so requested by any party interested," to "rule upon any question of substantive law properly arising in the course of any proceedings before" it, and gives to "any party in interest aggrieved by such ruling" the right to objection and review.  The statute provides that "the supreme judicial court shall have jurisdiction in equity to review, modify, amend or annul any ruling or order of the" commission, "but only to the extent of the unlawfulness of such ruling or order."  The statute provides further that "the burden of proof shall be upon the party adverse to the commission to show that its order is invalid." *New England Telephone & Telegraph Co.* v. *Department of Public Utilities,* 262 Mass. 137.  *Salisbury* v. *Salisbury Water Supply Co.* 279 Mass. 204.

Both trusts hold shares in many Massachusetts gas and electric companies.  The transaction under attack, embodied in a contract dated January 4, 1937, made by the two trusts and a Delaware corporation, was one by which Massachusetts Utilities Associates was to acquire from New

England Gas and Electric Association and the Delaware corporation a minority stock interest in various gas and electric companies in which it already had the majority interest, in return for a majority stock interest in Plymouth County Electric Company and Plymouth Gas Light Company and a sum of money. The petitioner asserts that the consideration passing to Massachusetts Utilities Associates is inadequate, that the transaction will affect adversely the operations of all gas and electric companies affiliated with it, and will affect adversely to consumers dealing with said companies the price of gas and electricity supplied by them.

Nothing in our statutes prevents a trust, like the two trusts concerned in this case, from holding a majority of the stock of a gas or electric company, and thereby controlling it. Such ownership and control are recognized by G. L. (Ter. Ed.) c. 182, § 3. Only domestic corporations are forbidden to hold more than ten per cent of the stock of such a company. G. L. (Ter. Ed.) c. 156, § 5. See also c. 181, § 10. The contract complained of, therefore, is not invalid upon its face, for giving to the Massachusetts Utilities Associates an increased majority ownership in and control of gas and electric companies located in this Commonwealth, or for giving a similar majority ownership in and control of other such companies to the other trust.

The right and duty of the department of public utilities to investigate such a transaction depend upon a number of statutory provisions. It "shall have the general supervision of all gas and electric companies." G. L. (Ter. Ed.) c. 164, § 76. It "may" investigate the books, etc., "of the trustees of any association or trust, who own or hold the capital stock or any part thereof of a . . . gas or electric company," and may require reports as to "the relations and dealings between such trustees and any such corporation or company." c. 182, § 7. It "may" investigate the books, etc., of any trust or voluntary association which is under the same ownership, control or management as a gas or electric company, "in respect of the relations and of any contracts and dealings between" them. c. 182, § 8. By c. 164, § 85, enacted as St. 1930, c. 395, as a result of

the Report of the Special Commission on Control and Conduct of Public Utilities (1930 H. 1200, pages 88, 89), the department "may" authorize its officers and employees to examine the books, etc., or the physical property of any gas or electric company and of any affiliated company "with respect to any relations, transactions or dealings, direct or indirect, between such affiliated company and any" gas or electric company. Finally, by § 76A, inserted in c. 164 by St. 1935, c. 335, § 1, the department "shall have the general supervision of every affiliated company . . . with respect to all relations, transactions and dealings, direct or indirect, with the gas or electric company with which it is affiliated, which affect the operations of such gas or electric company, and shall make all necessary examination and inquiries and keep itself informed as to such relations, transactions and dealings as have a bearing upon the price of gas or electricity supplied by such company or the quality thereof."

The words "affiliated company" were defined by G. L. (Ter. Ed.) c. 164, § 85, both originally and as amended by St. 1935, c. 335, § 2, as including any trust, association, etc. "(a) controlling a company subject to this chapter [i.e. a gas or electric company], either directly, by ownership of a majority of its voting stock or of such minority thereof as to give it substantial control of such company, or indirectly, by ownership of such a majority or minority of the voting stock of another corporation or association so controlling such company; or (b) so controlled by a corporation, society, trust, association, partnership or individual controlling as aforesaid, directly or indirectly, a company subject to this chapter; or (c) standing in such a relation to a company subject to this chapter that there is an absence of equal bargaining power between the corporation, society, trust, association, partnership or individual and the company so subject, in respect to their dealings and transactions."

We need not consider the standing of an individual stockholder like the petitioner to require the department to exercise its "general supervision" and to make "all necessary examination and inquiries" with respect to a particular

cause of complaint presented by him, and then to bring the matter before this court in equity under G. L. (Ter. Ed.) c. 25, § 5, or under the provision of G. L. (Ter. Ed.) c. 164, § 76A (St. 1935, c. 335, § 1), that "The supreme judicial court shall have jurisdiction in equity to enforce compliance with this section and with all orders of the department made under authority thereof." See also G. L. (Ter. Ed.) c. 182, § 10. In the present case the contract and transaction under attack were not within the supervisory and investigating powers and duties of the department under the act of 1935. Each of the trusts concerned was no doubt an "affiliated company" of certain gas and electric companies, within the statutory definition. But the contract and transaction under attack did not relate to any "relations, transactions and dealings" of such "affiliated company" with "the gas or electric company with which it is affiliated," of the sort described in the statute. The contract and transaction were wholly among the holding trusts and a foreign corporation, and were not within the statute. The department was right in dismissing the complaint of the petitioner. It is not true, as contended by the petitioner, that the statute of 1935, so construed, would add nothing to the preëxisting law. The statute of 1935 made mandatory a supervision and examination that previously was permissive. The denial of certain of the petitioner's requests for rulings was immaterial since the right result was reached by the department.

The petitioner argues that, whatever may be the proper construction of the act of 1935 (G. L. [Ter. Ed.] c. 164, § 76A), the department had discretionary power to "investigate and examine" the contracts of any trust holding stock in a gas or electric company under G. L. (Ter. Ed.) c. 182, § 7, and that its refusal to do so in this instance may be brought to this court in equity under G. L. (Ter. Ed.) c. 25, § 5, or G. L. (Ter. Ed.) c. 182, § 10. We do not consider whether G. L. (Ter. Ed.) c. 182, § 7, construed with reference to other sections dealing with the general subject matter, and particularly §§ 8–10, is limited to dealings with a gas or electric company, further than to note

that the petitioner says in his brief, after citing § 7, that "all of the above provisions in force prior to the year 1935 only cover, in the manner set forth in the various statutes described, certain relations and dealings between gas or electric companies and companies related to them as affiliates." At any rate, we think that the remedies provided by G. L. (Ter. Ed.) c. 25, § 5, and c. 182, § 10, have no application to a case in which a private individual is seeking to induce the department to take action which is discretionary and which the department may take or refuse according to its own judgment. To hold otherwise would be to turn over to private individuals, especially if this court could be led to agree with them as to questions of law, a considerable control of the time and the activities of the department, even in matters upon which its action or inaction is made discretionary by the statute. Such, we think, could not have been the legislative intention.

For similar reasons the petitioner is not entitled to require by mandamus the consideration of his complaint by the department, even if it is within the power of the department to consider it and to investigate the contract and transaction under attack. This is not the case of a tribunal, like a court of justice, bound by law to receive, consider and dispose of all proceedings submitted to it according to established forms. In such a case this court, though it cannot direct what decision shall be made, may by mandamus require the tribunal to hear the controversy and make some decision. *Crocker* v. *Justices of the Superior Court,* 208 Mass. 162, 164, 165. *French* v. *Jones,* 191 Mass. 522, 529, *et seq. McLean* v. *Mayor of Holyoke,* 216 Mass. 62. *Knights* v. *Treasurer & Receiver General,* 236 Mass. 336, 337. *Milton* v. *Auditor of the Commonwealth,* 244 Mass. 93, 96. Here the department, under G. L. (Ter. Ed.) c. 182, § 7, even if it had power to act, had no duty to do so, but had a right in its discretion to remain inactive. In these circumstances it will not be spurred into action by mandamus. It may be doubted whether the duty of "general supervision" under G. L. (Ter. Ed.) c. 164, § 76A (St. 1935, c. 335, § 1), even if it extended to

the contract and transaction under attack, could properly be enforced by mandamus commanding the department to direct its attention specifically to the petitioner's complaint as to that contract and transaction, without regard to the question whether the department considered it "necessary" to make examination and inquiries as to the matter beyond the facts already within its knowledge. But, as has been shown, that statute did not apply to the contract and transaction under attack.

*Petition for review in equity dismissed.*
*Petition for writ of mandamus dismissed.*