BECKER TRANSPORTATION COMPANY, INC. *vs.* DEPARTMENT OF PUBLIC UTILITIES.

Suffolk. February 13, 1939. — September 14, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, DOLAN, COX, & RONAN, JJ.

*Carrier,* Of goods. *Department of Public Utilities. Jurisdiction,* Carrier, Department of public utilities. *License. Notice. Words, "*Or otherwise."

The prohibition in the provision of G. L. (Ter. Ed.) c. 159B, § 10A, inserted by St. 1936, c. 345, § 6, forbidding a carrier "knowingly and wilfully by any such means or otherwise fraudulently [to] seek to evade or defeat regulation as in this chapter provided," is confined to evasion or defeat of regulation by the means forbidden by the preceding parts of that section; such provision did not give the department of public utilities power to revoke the permit of a contract carrier for wilful evasion of a previous suspension of his permit by the department through his continuing in fact to operate as a carrier in the name of and under a permit issued to another.

The jurisdiction of the department of public utilities to revoke a contract carrier's permit under G. L. (Ter. Ed.) c. 159B, § 7, as appearing in St. 1936, c. 345, § 3, is limited to the ground of revocation stated in the notice of hearing given the carrier as required by the statute.

On appeal to the public utilities commission from an order by the director of the commercial motor vehicle division revoking a contract carrier's permit after a hearing, the notice of which given the carrier stated as the ground of the proposed revocation "wilful evasion" of a previous order suspending the permit, the commission had no jurisdiction to order the permit revoked for wilful and repeated violations of c. 159B found by the commission to have been committed by the carrier.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on June 11, 1938.

The case was reserved for the full court by *Donahue,* J.

The case was argued at the bar in February, 1939, before *Field,* C.J., *Donahue, Qua, Dolan,* & *Cox,* JJ., and afterwards was submitted on briefs to all the Justices.

*R. G. Dodge*, (*W. I. Schell* with him,) for the plaintiff.

*R. Clapp*, Assistant Attorney General, for the defendant.

LUMMUS, J. This is a bill in equity under G. L. (Ter. Ed.) c. 25, § 5, to annul an order of the department of public utilities revoking a permit issued to the plaintiff on December 6, 1935, as a contract carrier by motor vehicle under G. L. (Ter. Ed.) c. 159B, inserted by St. 1934, c. 264, as amended by St. 1935, c. 24. Later amendments are found in St. 1936, c. 345, St. 1937, c. 122, St. 1937, c. 381, and St. 1938, c. 332. The chapter was wholly redrafted by St. 1938, c. 483, after the permit in question was revoked. A single justice reserved the case for the full court without decision.

By G. L. (Ter. Ed.) c. 159B, § 7, as it appears in St. 1934, c. 264, the following provision is made: "The department may revoke any certificate or permit for wilful and repeated violations of any of the provisions of this chapter or the regulations of the department made under authority thereof, after a hearing, at least ten days' notice of which shall be given to the holder of the certificate or permit. Any such certificate or permit shall remain in effect unless and until revoked by the department as herein provided." A "certificate" was required in the case of a common carrier by motor vehicle, and a "permit" in the case of a contract carrier by motor vehicle. The amendment made by St. 1936, c. 345, § 3 (unaffected by St. 1938, c. 332), made the provision for revocation read as follows: "The department may revoke, or suspend for such period of time as it may deem fit, any certificate or permit in whole or in part for wilful and repeated violations of any provision of this chapter or of the regulations of the department made under authority thereof, after a hearing, at least ten days' notice of which shall be given to the holder of the certificate or permit. Any such certificate or permit shall remain in effect unless and until revoked by the department as herein provided, but subject, however, to suspension as aforesaid." See now G. L. (Ter. Ed.) c. 159B, § 12, inserted by St. 1938, c. 483, § 1.

The allegations of the bill were admitted by the answer, and were substantially as follows. The plaintiff is a Massachusetts corporation engaged under a permit in the trans-

portation of petroleum products as a contract carrier.   It operates twenty trucks and employs many persons as drivers and in other capacities.   Its business is large and it has made a substantial investment of money.   On August 27, 1935, the commission, under St. 1935, c. 405, established a commercial motor vehicle division under the charge of a director, and gave it power to revoke permits, subject to appeal to the commission.   On October 2, 1936, the department, after a hearing, found that the plaintiff had violated the law by requiring certain drivers to operate trucks for more hours a day than were lawful under G. L. (Ter. Ed.) c. 159B, § 9, as amended by St. 1936, c. 345, § 4.   The department on that day ordered that the plaintiff's permit be suspended for two weeks beginning October 15, 1936.   On October 13, 1936, pursuant to an arrangement made with one Cooperstein, an uncle of the president of the plaintiff, the plaintiff's trucks were transferred to Cooperstein, who applied to the department for a permit to operate them as a contract carrier.   The department, being informed that Cooperstein had obtained the trucks from the plaintiff, granted the permit. The trucks were registered in the name of Cooperstein and operated by him from October 15, 1936, to October 30, 1936, under an agreement with the plaintiff by which the plaintiff was to pay all expenses and was assigned all the receipts and earnings.   The plaintiff continued to direct the operation of the trucks.   On October 30, 1936, Cooperstein retransferred the trucks to the plaintiff, they were again registered in the name of the plaintiff, and the plaintiff resumed operations under its permit, the suspension having expired.   The transactions just recited were carried out under the advice of the plaintiff's attorney, and the plaintiff believed that they were lawful and proper.

Nearly a year later, on October 13, 1937, one Riley, the director of the commercial motor vehicle division of the department, caused a notice to be given to the plaintiff of a hearing to be held on October 22, 1937, at which the plaintiff was ordered to show cause why its permit should not be revoked "for wilful evasion of the order of the department dated October 2, 1936."   After the hearing, Riley, on

December 20, 1937, ordered that the plaintiff's permit be revoked as of December 31, 1937, on the ground that the plaintiff and Cooperstein "knowingly conspired to permit . . . [the plaintiff] to nullify the order of the department and conduct the business of a contract carrier in violation of the suspensory order" of October 2, 1936.

The plaintiff appealed to the commission. G. L. (Ter. Ed.) c. 25, § 4. On June 8, 1938, the commission, acting by a majority of the commissioners with one commissioner dissenting, found that the transaction with Cooperstein was "for the purpose of continuing the business and not suspending operations as ordered by the commission"; that when the plaintiff transferred the trucks to Cooperstein no person in the department knew that the contract carrier permit issued to Cooperstein was in furtherance of his written agreement with the plaintiff; that Cooperstein secretly agreed to allow the plaintiff to continue in business as a contract carrier in violation of the order of suspension under cover of a permit issued to Cooperstein; that Cooperstein did not operate the trucks as a contract carrier, but the plaintiff continued without interruption its business as a contract carrier, notwithstanding the order of suspension; and that the plaintiff and Cooperstein conspired to allow the plaintiff to operate unlawfully as a contract carrier under a permit granted to Cooperstein by reason of his misrepresentation that he was "willing" to perform the service of contract carrier. G. L. (Ter. Ed.) c. 159B, § 5 (St. 1934, c. 264). Inasmuch as the plaintiff during the period of suspension had no permit, but constantly operated as a contract carrier (*Commonwealth* v. *Lavery,* 188 Mass. 13), the commission found that the plaintiff wilfully and repeatedly violated G. L. (Ter. Ed.) c. 159B, § 4, as it appears in St. 1934, c. 264. The commission further ruled that the provision of G. L. (Ter. Ed.) c. 159B, § 10A, inserted by St. 1936, c. 345, § 6, forbidding any carrier knowingly and wilfully by any "such" means or otherwise fraudulently to seek to evade or defeat regulation as provided in that chapter, was not limited to the giving of the rebates or preferential rates to which the first part of the section is devoted,

but was of general application. Accordingly, the permit of the plaintiff was revoked on and after July 1, 1938. It was conceded that there was no regulation of the department material to the case, and that all the authority to revoke a permit must be found in the statute.

We do not think that the statutory authority to revoke a permit was enlarged by G. L. (Ter. Ed.) c. 159B, § 10A, inserted by St. 1936, c. 345, § 6. That section was directed to the forbidding of rebates, concessions, discriminations and preferential rates to shippers. The provision numbered (3), forbidding any person "whether carrier, shipper, consignee or broker" knowingly and wilfully by any such means or otherwise fraudulently to seek to evade or defeat regulation as provided in that chapter, must be construed with reference to the remainder of the section, and confined to means of the nature forbidden in the earlier part of the section. The phrase "or otherwise" following a recital of forbidden means is to be taken as limited to other means of a similar kind. Noscitur a sociis. *Babcock Davis Corp.* v. *Paine,* 240 Mass. 438. *Medford Trust Co.* v. *Priggen Steel Garage Co.* 273 Mass. 349, 353.

The only ground for the revocation of a permit that was recognized in the statute, in the absence of the violation of some regulation of the department, was "wilful and repeated violations of any provision of this chapter." The plaintiff was not charged with such wilful and repeated violations, and was not summoned to a hearing to be had upon the question whether it was guilty of such wilful and repeated violations. Notice was jurisdictional. The plaintiff was notified of a hearing on the question whether it had wilfully evaded the order of suspension. The evasion alleged was treated as a unit, and was not declared to have been repeated. The hearing was based upon and was limited by the notice. *Matter of Sleeper,* 251 Mass. 6, 21. *Daley* v. *District Court of Western Hampden,* 304 Mass. 86, 91. *Higgins* v. *License Commissioners of Quincy,* 308 Mass. 142, 145, 146. *Alton & Southern Railroad* v. *Commerce Commission,* 316 Ill. 625. *Spofford* v. *Bucksport & Bangor Railroad,* 66 Maine, 26, 44. Then the order of revocation

was made on the somewhat different ground of conspiracy to nullify the order of suspension and to conduct the business of a contract carrier in violation of the order of suspension. Nowhere is there a statutory provision making conspiracy a violation of the chapter. Without a new notice the director had no jurisdiction to revoke the permit on the ground of wilful and repeated violations of the provisions of the chapter. It is true that the decision of the commission on the appeal contains findings tending to show wilful and repeated violations of specific provisions of the chapter. But the jurisdiction of the commission was purely appellate, and was based upon the notice given by the director of the commercial motor vehicle division, which contained nothing about violations of the chapter, much less repeated violations. It is elementary that an appellate tribunal, in the absence of special statutory provision, has no power not possessed by the tribunal below. *Ashuelot Bank* v. *Pearson,* 14 Gray, 521. *Hall* v. *Hall,* 200 Mass. 194. *Massasoit–Pocasset National Bank* v. *Borden,* 228 Mass. 581, 583. *Donnelly* v. *Montague,* 305 Mass. 14, 18. The commission was without jurisdiction to affirm the order of revocation, or to make a new order, on the ground of wilful and repeated violations of the chapter. That question was not before it.

The burden, it is true, is upon the plaintiff to show the unlawfulness of the order of revocation. G. L. (Ter. Ed.) c. 25, § 5. *Boston & Albany Railroad* v. *New York Central Railroad,* 256 Mass. 600, 617. *Latherizer Corp.* v. *Department of Public Utilities,* 278 Mass. 454, 458. *Flynn* v. *Department of Public Utilities,* 302 Mass. 131, 132. We think that burden has been sustained. The department was not helpless when the holder of a permit violated an order of suspension, for this court had power to restrain violations of any order or of the chapter. G. L. (Ter. Ed.) c. 25, § 5. Besides, the facts warranted a revocation of the permit, upon a proper notice, for wilful and repeated violations of the provisions of the chapter.

*Decree for plaintiff.*