Salvation Army of Massachusetts, Inc. *v.* Board of Appeal of Boston.

The Salvation Army of Massachusetts, Incorporated
*vs.* Board of Appeal of Boston & another
(and a companion case[1]).

Suffolk.    October 11, 1963. — December 2, 1963.

Present: Spalding, Cutter, Kirk, Spiegel, & Reardon, JJ.

*Zoning,* Institutional use.    *Boston.    Words,* "Similar use."

A proposed use of premises in a residential zoning district of Boston as a residence in which "unmarried pregnant women . . . [might] live in the later months of pregnancy . . . and . . . obtain professional help in working out constructive plans for themselves and their babies . . . [and] guidance and counselling and emotional and spiritual help away from the tensions and embarrassments . . . in their own family and neighborhood," but there would not be hospital or medical facilities other than a room for prenatal examinations, or a nursery or deliveries, and to which occasionally mothers, after delivery, would return without their babies for only "two or three days," would be within the purview of "Educational, religious, philanthropic or other institutional uses" permitted in residence districts by § 3 (3), as amended, of the Boston zoning law, St. 1924, c. 488, and not within the proviso of § 3 (3) that "in the case of a hospital, home for aged, convalescent home, sanitarium . . . or similar use" the health commissioner and building commissioner "approve the location as not detrimental or injurious to the residential character of the neighborhood."

Two bills in equity filed in the Superior Court on November 7, 1962.

The suits were heard by *Kalus,* J.

The cases were submitted on briefs.

*Arthur G. Coffey,* Corporation Counsel, *& Lawrence J. Moore,* Assistant Corporation Counsel, for the Board of Appeal of Boston & others.

*John A. Perkins* for the plaintiff.

Spalding, J.    The plaintiff, a charitable corporation, applied both to the building commissioner and the health commissioner of the City of Boston for permission to use the

---

[1] The companion case is by the same plaintiff against the Building Commissioner of Boston and others.

premises at 332 Jamaicaway and 101 Moraine Street as a home for unwed mothers, known as the Booth Memorial Home. The premises are located in an area which is classified as a general residence district under § 4 of the Boston zoning law (St. 1924, c. 488, § 4, as amended) which permits in such a district any use which is permissible in a single residence district under § 3. The pertinent provisions of § 3 (St. 1924, c. 488, § 3 (3), as amended through St. 1959, c. 193) read: "In a single residence district no building . . . shall be erected, altered or used except for one or more of the following uses: . . . (3) Educational, religious, philanthropic or other institutional uses, provided that in the case of a hospital, home for aged, convalescent home, sanitarium, correctional institution or similar use the health commissioner of Boston and building commissioner of Boston approve the location as not detrimental or injurious to the residential character of the neighborhood . . . ."

A hearing on the plaintiff's application was held by the building and health commissioners and the application was denied. The plaintiff appealed to the board of appeal, contending (1) that "[t]he proposed use of premises would not be detrimental or injurious to the residential character of the neighborhood" and (2) that "[a]pproval by the health commissioner . . . and building commissioner . . . is not required for the proposed use." The board of appeal, after hearing, rendered a decision in which it ruled that the proposed use "comes within the meaning of hospital or convalescent homes or similar use" and that the "location of the . . . [home] and proposed use of the premises will be detrimental and injurious to the residential character of the neighborhood."

The plaintiff appealed to the Superior Court pursuant to St. 1924, c. 488, § 19, as appearing in St. 1941, c. 373, § 18. It also brought a bill in equity under G. L. c. 231A for a declaration of its rights under the zoning law. The judge found that the home which the plaintiff sought to establish was a "charitable institution of prime social value, and that this use . . . [was] completely within the purview of

'[e]ducational, religious, philanthropic or other institutional uses . . . ,' " set forth in § 3 (3) of the Boston zoning law and was not within the proviso of that section requiring in the case of a "hospital, home for aged, convalescent home . . . or similar use," approval by the building and health commissioners of the "location as not detrimental or injurious to the residential character of the neighborhood . . . ." From decrees entered in accordance with this determination the defendants appealed. The evidence is reported.

Facts found by the judge and by us are as follows: The premises owned by the plaintiff are located on the Jamaicaway in Boston between Perkins Street and Moraine Street, and comprise about 42,000 square feet. The neighborhood, although primarily residential in character, contains many institutions.[2]

The plaintiff plans to retain the existing two family residence at the corner of Perkins Street, which will contain a reception area, a family room, staff quarters, business offices and a small chapel. Off street parking will be provided for twelve cars.

The single family residence at the corner of Moraine Street will be demolished and replaced by a new building which will be connected with the existing structure at the corner of Perkins Street by a passageway. The new building has been designed to conform to the residential character of the neighborhood.

The judge found that "[t]he nature and function of the proposed institution may be summarized as follows. To provide guidance and counselling and a residence where unmarried pregnant women (ages from 14 to 40) may live in the later months of pregnancy in an environment away from their own family and neighborhood and where they can obtain professional help in working out constructive plans for themselves and their babies. The reason for their living away from home is not because they have a medical problem which cannot be attended [to] at home,

---

[2] These include the following: old age homes, a convent, a hospital, a museum, a detention school for girls, a seminary, and a public school.

but, rather, because they need guidance and counselling and emotional and spiritual help away from the tensions and embarrassments which their illegitimate pregnancy would create in their own family and neighborhood.''

No hospital facilities will be included at the home, and deliveries will be performed at a Boston hospital. Occasionally the mothers will return to the home after delivery without their babies and will remain there two or three days. The home will have seventeen bedrooms and will accommodate thirty-five girls. There will be no nursery for the babies, and the only medical facilities will be a room where the usual prenatal examinations will be conducted by a visiting physician. The new building will include a library, recreation rooms, a dining room, administration offices, and quarters where the staff will reside.

We are of opinion that the judge rightly concluded that the proposed home was not ''a hospital, home for aged, convalescent home, sanitarium, . . . or similar use'' within the intendment of the proviso contained in § 3 (3). The words ''similar use'' in the proviso mean uses of like character or nature. Noscitur a sociis. *Babcock Davis Corp.* v. *Paine,* 240 Mass. 438, 441. *Becker Transp. Co. Inc.* v. *Department of Pub. Util.* 314 Mass. 522, 526. It might plausibly be argued that the use here is similar to a ''convalescent home.'' But we are of opinion that the activities of the home outlined above cannot fairly be said to be of that nature. We reach this conclusion on the assumption that, as the judge found, the mothers, after delivery, will occasionally return to the home without their babies and will remain there for only ''two or three days.'' In other words the home, as we construe the findings, is not to be used as an infant nursery.

Since, as we hold, the trial judge correctly found that the plaintiff's activities did not come within the proviso of § 3 (3), we do not reach the question whether the building and health commissioners were correct in determining that the home would be ''detrimental or injurious to the residential character of the neighborhood.''

*Decrees affirmed.*