**CALORE EXPRESS CO., Inc., Defendant, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 6521.

United States Court of Appeals First Circuit.

Heard Sept. 14, 1965.

Decided Oct. 14, 1965.

Robert J. Gallagher, Boston, Mass., with whom Kenneth B. Williams, Boston, Mass., was on brief, for appellant.

Thomas P. O'Connor, Asst. U. S. Atty., with whom W. Arthur Garrity, Jr., U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, J. WARREN MADDEN, Senior Judge,* and JULIAN, District Judge.

* Sitting by designation.

ALDRICH, Chief Judge.

This case brings into question a somewhat troublesome piece of draftsmanship. The defendant trucking company, a common carrier, was convicted on a fifteen-count information charging in substance that defendant and another carrier had entered into an arrangement whereby the other purported to carry, but defendant in fact carried and was paid for carrying, freight in an area in which only the other carrier was certificated. The evidence clearly warranted defendant's conviction for exceeding its certificate. The information made no reference to the substantive regulation which defendant had violated, but did refer in parentheses to 49 U.S.C. § 322(c), a penalty section. It is the defendant's position that subsection (c) is inapplicable and that it should have been penalized under section 322(a).

Section 322(a) reads as follows:

"Any person knowingly and willfully violating any provision of this chapter,[1] or any rule, regulation, requirement, or order thereunder, or any term or condition of any certificate, permit, or license, for which a penalty is not otherwise herein provided, shall, upon conviction thereof, be fined * * *."

Section 322(c) reads:

"Any person, whether carrier, shipper, consignee, or broker, or any officer, employee, agent, or representative thereof, who shall knowingly offer, grant, or give, or solicit, accept, or receive any rebate, concession, or discrimination in violation of any provision of this chapter, or who by means of any false statement or representation, or by the use of any false or fictitious bill, bill of lading, receipt, voucher, roll, account, claim, certificate, affidavit, deposition, lease, or bill of sale, or by any other means or device, shall knowingly and willfully assist, suffer or permit any person or persons, natural or artificial, to obtain transportation of pas-

1. The chapter referred to in sections 322 (a) and (c) is Part II, Motor Carriers.

sengers or property subject to this chapter for less than the applicable rate, fare, or charge, or who shall knowingly and willfully by any such means or otherwise fraudulently seek to evade or defeat regulation as in this chapter provided * * * shall * * * be fined * * *."

Subsection (a) prescribes the general penalty for willful violation of any regulation for which no penalty is otherwise provided. Subsection (c), which imposes a larger penalty, consists of three parts. The first portion penalizes the willful offering or receiving of rebates, concessions, or discriminations, even if not accomplished through fraudulent means. The second portion relates to assisting or permitting persons to obtain transportation for less than the applicable rate. It is directed at parties who are more in the nature of accomplices than principals, and subjects them to the penalty only if they engage in fraudulent acts. The third portion, at least standing alone, would appear to subject to subsection (c)'s penalty all violations of the chapter when, in connection therewith, the defendant has been guilty of fraud, viz., the use of false or fictitious documents, etc. Defendant argues that the third portion cannot be read alone, and that despite its broad language it relates only to regulations proscribing rebates and discriminations.

We recognize the principles of *noscitur a sociis* and *ejusdem generis* to which defendant refers. See Becker Transportation Co. v. Department of Public Utilities, 1943, 314 Mass. 522, 50 N.E.2d 817. We also recognize that two parts of the same statute must, if possible, be construed compatibly so that one will not be inclusive of the other, Polaroid Corp. v. Commissioner of Internal Revenue, 1 Cir., 1960, 278 F.2d 148, 153, aff'd sub nom. Jarecki v. G. D. Searle & Co., 1961, 367 U.S. 303, 81 S.Ct. 1579, 6 L.Ed.2d 859, or otherwise repetitious. While, as we said at the outset, section 322 does not represent a high standard of draftsmanship, it is not unreasonable to penalize the making of false or fictitious documents in connection with the violation of a regulation as an aggravation of the violation itself. In addition the statute apparently regards violation of some regulations as more serious than others. We do not find it either illogical or inconsistent to do both in the same section. Nor, on this reading, is there any necessary repetition in coverage, while under the defendant's interpretation the third portion of the subsection would add nothing to the first two.

It is true, as defendant points out, that comparable parts of the Interstate Commerce Act relating to other carriers do not distinguish between fraudulent and nonfraudulent violations. See 49 U.S.C. §§ 10, 41, 917, and 1021. Such circumstance, however, cannot of itself be determinative, at least in the absence of a more definite legislative history than we have found. Viewing subsection (c) as a whole, the infirmities of which the defendant may complain do not seem to us of sufficient substance to overcome the countervailing arguments.

Affirmed.