GEORGE LANGLITZ, JR. vs. BOARD OF REGISTRATION
OF CHIROPRACTORS.

Suffolk. October 9, 1985. — December 11, 1985.

Present: HENNESSEY, C.J., WILKINS, LIACOS, LYNCH, & O'CONNOR, JJ.

Chiropractor. Board of Registration of Chiropractors. Due Process of Law,
Hearing, Notice. Notice. Estoppel. Administrative Law, Agency, Sub-
stantial evidence.

An order to show cause by which the Board of Registration of Chiropractors
informed a chiropractor in unambiguous language that it would examine
whether the content of an advertisement he placed in a city's telephone
directory violated G. L. c. 112, § 89, and certain enumerated board
regulations, along with a notice of hearing advising him of the time and
place for the hearing, constituted constitutionally adequate notice of the
charges against him. [376-378]

There was no merit to a chiropractor's contention that the Board of Regis-
tration of Chiropractors amended the allegations the board had made
against him after all the evidence had been heard at an adjudicatory
hearing before the board on charges arising out of the propriety of his
placing a certain advertisement in a city's telephone directory. [378]

In a proceeding before the Board of Registration of Chiropractors regarding
the propriety of a chiropractor's placing a certain advertisement in a
city's telephone directory, neither principles of estoppel nor fundamental
considerations of fairness precluded the board from suspending the chiro-
practor's license to practice chiropractic medicine because it had earlier
refused his request to render an advisory ruling on the content of the
same advertisement. [378-379]

In a proceeding before the Board of Registration of Chiropractors regarding
the propriety of a chiropractor's placing a certain advertisement in a
city's telephone directory, there was substantial evidence to support the
board's conclusions that the chiropractor, in his advertisement, offered
treatment beyond both the scope of his expertise and the definition of
"chiropractic" set forth in G. L. c. 112, § 89; that he offered therapies
independent of chiropractic care, and not supportive thereof, in violation
of § 89 and 233 Code Mass. Regs. §§ 4.03 and 4.10 (1983); that he
advertised in a misleading and deceptive manner, in violation of 233
Code Mass. Regs. § 4.11; and that he engaged in misrepresentation and
deceit, in violation of 233 Code Mass. Reg. § 4.09; moreover, the

board did not improperly substitute its own expertise for evidence in the record. [379-381]

A conclusion by the Board of Registration of Chiropractors that an advertisement placed in a city's telephone directory by a chiropractor, a copy of which was presented in evidence at a hearing before the board, was inherently misleading and deceptive, in violation of 233 Code Mass. Regs. § 4.09, was a matter of common experience and common sense, based on the appearance and content of the advertisement itself, which did not require testimony from a third party that the advertisement was deceptive. [381-382]


CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on November 13, 1984.

The case was reported by *Nolan, J.*

*John C. Sikorski* for the plaintiff.

*Kim E. Murdock,* Assistant Attorney General, for the defendant.

HENNESSEY, C.J. The plaintiff, George Langlitz, Jr., is a licensed chiropractor who resides and practices in Springfield. On October 11, 1984, the Board of Registration of Chiropractors (board) suspended Langlitz's license to practice chiropractic medicine for a period of sixty days.[1] The plaintiff appealed to a single justice of this court pursuant to G. L. c. 112, § 64 (1984 ed.), and G. L. c. 211, § 3 (1984 ed.), seeking review of his suspension and injunctive relief. The single justice reserved and reported the case, without decision, for determination by the full court.

Langlitz placed an advertisement in the 1983 "yellow pages" section of the Springfield telephone directory. On October 3, 1983, the board issued an order to show cause why Langlitz's license should not be revoked or suspended by reason of this advertisement. The board held an adjudicatory hearing in May, 1984, at which Langlitz was present and represented by counsel. Five months later, the board issued its decision suspending Langlitz's license. The board concluded that Langlitz, in his advertisement, offered treatment beyond the scope of his expertise and the statutory definition of "chiropractic," G. L. c. 112,

---

[1] The board voluntarily stayed the suspension of the plaintiff's license pending the outcome of this appeal.

§ 89 (1984 ed.); that he offered therapies independent of chiropractic care, and not supportive thereof, in violation of G. L. c. 112, § 89, and 233 Code Mass. Regs. §§ 4.03 and 4.10 (1983); that he advertised in a misleading and deceptive manner, in violation of 233 Code Mass. Regs. § 4.11; and that he engaged in misrepresentation and deceit, in violation of 233 Code Mass. Regs. § 4.09.

Langlitz argues on appeal that (1) the board's procedures deprived him of due process of law as guaranteed by the United States Constitution and Massachusetts Declaration of Rights; and (2) the board's findings were unsupported by substantial evidence. We conclude that the decision of the board should be upheld.

1. *Due Process Claims.*

Langlitz argues that the board's proceeding against him denied him due process of law. He contends that his due process rights were denied because the board failed to provide him with adequate notice of the charges against him; amended the allegations against him after all the evidence had been heard; and earlier refused to render an advisory ruling on the propriety of the advertisement.[2] We conclude that the board's actions did not violate Langlitz's rights to due process.

Fundamental considerations of fairness require that administrative decisions involving licenses to engage in lawful occupations be made after a reasonable opportunity for a hearing. See *Milligan* v. *Board of Registration in Pharmacy,* 348 Mass. 491, 495 (1965). G. L. c. 30A, § 11 (1984 ed.). "Due process requires that, in any proceeding to be accorded finality, notice must be given that is reasonably calculated to apprise an interested party of the proceeding and to afford him an opportunity to present his case." *LaPointe* v. *License Bd. of Worcester,* 389 Mass. 454, 458 (1983). *Levy* v. *Board of Registration & Discipline in Medicine,* 378 Mass. 519, 522 n.5 (1979). See

---

[2] Langlitz mentions at two points in his brief that the board also deprived him of his right to a speedy hearing. This assertion is made without citation to authority or reasoned argument. As such, it does not rise to the level of appellate argument. Cf. Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 919 (1975). See *Commonwealth* v. *Amazeen,* 375 Mass. 73, 84 n.9 (1978).

*Konstantopoulos* v. *Whately,* 384 Mass. 123, 135 (1981); G. L. c. 30A, § 11 (1) (1984 ed.). While constitutional principles require administrative procedures to be reasonable and to comply with the requirements of "natural justice and fair play," *Higgins* v. *License Comm'rs of Quincy,* 308 Mass. 142, 146 (1941); *Marmer* v. *Board of Registration of Chiropractors,* 358 Mass. 13, 16 (1970), such hearings need not comport with any particular form. See *Higgins, supra* at 145-146; *Foster from Gloucester, Inc.* v. *City Council of Gloucester,* 10 Mass. App. Ct. 284, 291 (1980).

The board's order to show cause and notice of hearing adequately informed Langlitz of the charges against him. In its order to show cause, the board advised Langlitz in unambiguous language that it would examine whether the content of his telephone directory advertisement violated G. L. c. 112, § 89, and board regulations, 233 Code Mass. Regs. §§ 4.03, 4.09, 4.10, and 4.11. The notice of hearing subsequently issued by the board advised Langlitz of the time and place for the hearing. Due process does not require that notices of administrative proceedings "be drafted with the certainty of a criminal pleading," as long as the notice is sufficient for persons whose rights may be affected to understand the substance and nature of the grounds upon which they are called to answer. *Higgins, supra* at 145, 146, and cases cited. Langlitz was provided sufficient information to prepare and present his case through the order to show cause and the hearing notice.

Langlitz contends that the board improperly refused to supplement its order and notice and to provide him with detailed information relative to the charges against him. Due process does not require an administrative agency to provide interested parties with a detailed description of evidence it intends to introduce at a disciplinary hearing. *LaPointe, supra* at 458. Cf. *Commonwealth* v. *Hayes,* 311 Mass. 21, 25 (1942) (in criminal proceeding bill of particulars not required to set forth evidence which Commonwealth will present at trial); *Commonwealth* v. *Giacomazza,* 311 Mass. 456, 461 (1942) (same). Further, if Langlitz was surprised by, or unprepared to respond to, any of the grounds for discipline raised by the board at the

hearing, he could have requested a continuance or the opportunity to present additional evidence and argument after the hearing. See G. L. c. 30A, § 11 (1). *Foster from Gloucester, supra* at 290. As Langlitz did not make any such request, he is in no position to challenge the suspension of his license. *Id.*

Langlitz contends that the board amended the allegations against him after all the evidence had been heard. See *In re Ruffalo*, 390 U.S. 544, 551 (1968). This claim is without merit. Langlitz had notice that his advertisement in the telephone directory was the primary subject of the disciplinary proceeding. The board did not base its findings on any activity not mentioned in the advertisement, nor did it base its decision to discipline Langlitz on any statute or regulation not referred to in the order to show cause.

Langlitz argues that his suspension violates fundamental principles of fairness, because he requested, and was denied, an advisory ruling regarding the propriety of his advertisement. On November 8, 1982, Langlitz, by his attorney, forwarded a draft of the proposed advertisement to the board, requesting that the board review its contents to determine if any representations made therein were deceptive or misleading. By letter dated November 30, 1982, the board notified Langlitz that it "does not act as an approving authority for advertising," and indicated that "responsibility for placing advertisements" in accordance with 233 Code Mass. Regs. § 4.11 "lies solely with the doctor placing the ads." Langlitz argues that the board's refusal to grant an advisory ruling precludes it from later imposing sanctions based upon the content of the same advertisement.

To the extent that Langlitz advances an estoppel argument, we are "reluctant to apply principles of estoppel to public entities where to do so would negate requirements of law intended to protect the public interest." *Holahan* v. *Medford,* 394 Mass. 186, 191 (1985), quoting *Phipps Prods. Corp.* v. *Massachusetts Bay Transp. Auth.,* 387 Mass. 687, 693 (1982). See *Levy* v. *Board of Registration & Discipline in Medicine,* 378 Mass. 519, 527 (1979) (revocation of physician's license not penal, but designed to protect public health, welfare, and

safety). To the extent that Langlitz's argument rests on due process considerations, we think that the board's discipline of Langlitz after denying his request for an advisory ruling did not violate "fundamental considerations of fairness." *Milligan, supra* at 495. Under 233 Code Mass. Regs. § 2.09, the board is authorized, but not required, to render advisory rulings in appropriate cases. It was not unreasonable for the board to require Langlitz, as a licensed professional, to exercise his own judgment in accordance with the board's regulations and the specific proscriptions of § 4.11. The board was not prevented from disciplining Langlitz by his unsuccessful attempt to gain prior approval of the advertisement.

2. *Substantial Evidence.*

Langlitz argues that the decision of the board is unsupported by substantial evidence and therefore must be set aside. The scope of review under the State Administrative Procedure Act, G. L. c. 30A, § 14 (1984 ed.), is circumscribed. *Trustees of Forbes Library* v. *Labor Relations Comm'n,* 384 Mass. 559, 568 (1981). We must uphold the decision of the board where, considering the entire record, its findings are supported by substantial evidence. G. L. c. 30A, § 14 (7) (*e*). *Costello* v. *Department of Pub. Utils.,* 391 Mass. 527, 539 (1984). Under G. L. c. 30A, § 1 (6), substantial evidence is defined as "such evidence as a reasonable mind might accept as adequate to support a conclusion." See *Arthurs* v. *Board of Registration in Medicine,* 383 Mass. 299, 304 (1981); *Maddocks* v. *Contributory Retirement Appeal Bd.,* 369 Mass. 488, 495 (1976). Applying this standard of review, we conclude that the decision of the board must be affirmed.

Evidence presented on behalf of the board at the hearing consisted of five exhibits: a copy of Langlitz's advertisement as it appeared in the telephone directory; the board's order to show cause; Langlitz's answer; a letter from Langlitz's counsel requesting a speedy hearing; and the board's notice of hearing. Both parties requested the hearing examiner to take administrative notice of the board's regulations and of the General Laws of the Commonwealth. The board presented no witnesses. Langlitz testified on his own behalf.

In his advertisement, Langlitz offered "complete chiropractic & holistic health care." Included under this general heading was a list of ten specific types of treatment offered by Langlitz, including therapeutic nutrition, acupuncture, weight control, and cardiovascular analysis.

The board concluded that Langlitz engaged in unfair and deceptive advertising, in violation of 233 Code Mass. Regs. § 4.11, by implying that he offered these four specific therapies independent of his chiropractic practice. By statute, G. L. c. 112, § 89, licensed chiropractors in the Commonwealth are allowed to offer certain procedures and therapies not encompassed within the statutory definition of "chiropractic," as long as these therapies are "supportive" of, and offered as "supplemental to" chiropractic care.[3] The board concluded that Langlitz's advertisement created the false impression that weight control, therapeutic nutrition, cardiovascular analysis, and acupuncture could be received as independent treatments, without accompanying chiropractic adjustments.

The board found that Langlitz's practice of therapeutic nutrition occasionally continued as an independent therapy. Langlitz testified that on certain occasions a patient would have a chiropractic condition alleviated, and yet continue to visit his office for independent nutritional maintenance. The board concluded that such therapy exceeded the permissible scope of chiropractic practice under G. L. c. 112, § 89. In addition, the board concluded that cardiovascular analysis,

---

[3] General Laws c. 112, § 89 (1984 ed.), defines "Chiropractic" as follows: "the science of locating, and removing interference with the transmission or expression of nerve force in the human body, by the correction of misalignments or subluxations of the bony articulation and adjacent structures, more especially those of the vertebra column and pelvis, for the purpose of restoring and maintaining health. It shall exclude operative surgery, prescription or use of drugs or medicines, the practice of obstetrics, the treatment of infectious diseases, and internal examinations whether or not diagnostic instruments are used except that the X-ray and analytical instruments may be used solely for the purposes of chiropractic examinations. Nothing in this definition shall exclude the use of supportive procedures and therapy, including braces, traction, heat, cold, sound, electricity, and dietary and nutritional advice, as treatment supplemental to a chiropractic adjustment."

another procedure listed in the advertisement, was beyond Langlitz's actual expertise as a chiropractor.

The board also concluded that Langlitz engaged in misrepresentation and deceit, in violation of 233 Code Mass. Regs. § 4.09. The board found the term "holistic health care" misleading, and susceptible of falsely inducing a reader of the advertisement to seek treatment not lawfully available in the office of a chiropractor. In addition, the board found that Langlitz offered "acupuncture" in his advertisement, when in fact he was not qualified to practice acupuncture, and indeed admitted in his testimony that he offered only "electroacupuncture therapy" to his patients.

Langlitz contends that there was insubstantial evidence to support these findings, in the absence of expert testimony construing the board's regulations and evaluating the representations made in Langlitz's advertisement. Langlitz argues that, in the absence of such expert testimony, the board improperly substituted its own expertise for evidence in the record. See *Arthurs* v. *Board of Registration in Medicine,* 383 Mass. 299, 305 (1981). We disagree.

Although an agency or board may not sit as a silent witness where expert testimony is required to establish an evidentiary basis for its conclusions, *Arthurs, supra* at 310, it is free to evaluate evidence in light of its own technical expertise, and to draw inferences regarding the legal effect of the conduct at issue. *Id.* The board had taken administrative notice of its own regulations, as well as of G. L. c. 112, § 89. Both the scope of chiropractic care, and the nature of supportive procedures, are explicitly defined in these provisions. The board also introduced a copy of Langlitz's advertisement, perhaps the most significant evidence in the case. Under these circumstances, the board merely applied a narrow set of legal standards to the specific facts on the record, in light of its own general expertise and knowledge. See *Vitale* v. *State Racing Comm'n,* 13 Mass. App. Ct. 1025, 1026 (1982). The board did not substitute its expertise for evidence.

Next, Langlitz argues that the board was required to establish, through independent testimony, that members of the public

had actually been deceived by the advertisement. Section 4.11, 233 Code Mass. Regs., does not require such a showing. The regulation prohibits "deceptive, confusing, misleading, or unfair" advertising. Advertisements which are inherently misleading or deceptive are prohibited by this provision, irrespective of any resulting harm to the public. It was not necessary, as Langlitz suggests, for the board to hear testimony from a third party that the advertisement was deceptive. The board's determination that the advertisement was inherently misleading was a matter of common experience and common sense, based on the appearance and content of the advertisement itself. See *Arthurs, supra* at 311 (board's conclusion that physician prescribed controlled substances for other than legitimate medical purposes was a reasonable inference from the evidence, based on common experience and common sense).

Finally, Langlitz argues that 233 Code Mass. Regs. § 4.11, prohibiting advertising that is "deceptive, confusing, misleading, or unfair," is so vague as to violate the requirements of due process. We need not address the merits of this claim, because it was not raised by Langlitz in the proceedings before the board. As a general rule, a party is not entitled to raise an argument on appeal if the claim could have been raised, but was not raised, before the administrative agency. See *Albert v. Municipal Court of the City of Boston,* 388 Mass. 491, 493 (1983). This principle applies to constitutional challenges to an agency's decision, including "void for vagueness" arguments. *Gurry v. Board of Pub. Accountancy,* 394 Mass. 118, 126 (1985). We perceive no reason to deviate from this principle in the present case.

The action is remanded to the single justice with directions to enter a judgment affirming the decision of the board suspending Langlitz's license to practice chiropractic medicine for a period of sixty days.

*So ordered.*