ROBERT DAY *vs.* BOARD OF REGISTRATION IN EMBALMING AND FUNERAL DIRECTING. April 9, 1986. *Board of Registration in Embalming and Funeral Directing. Funeral Director. Controlled Substances. Administrative Law,* Substantial evidence.

The plaintiff, a registered embalmer and funeral director, was convicted of possession of cocaine in violation of G. L. c. 94C, § 31 (1984 ed.). The Board of Registration in Embalming and Funeral Directing (board), after a hearing, determined that the offense of which he was found guilty was an offense "relating to the practice of Embalming and Funeral Directing" and therefore was cause for revocation of his certificate of registration pursuant to G. L. c. 112, § 61 (1984 ed.). On review, a single justice of this court held that the board's decision was supported by substantial evidence. The plaintiff now appeals that decision. G. L. c. 112, § 64 (1984 ed.). See *Gurry* v. *Board of Pub. Accountancy,* 394 Mass. 118, 128-129 (1985).

The plaintiff argues that, in determining whether there was substantial evidence to support the board's decision, the single justice erred in considering a police report relating to the plaintiff's arrest for possession of cocaine, inasmuch as the board made no reference to the report in its final order. The record shows that the police report was admitted without objection. It was before the board when it rendered its decision, and the board stated specifically in its decision that it had considered all the evidence presented. The single justice was therefore justified in considering the police report to determine if, on the entire record, the board's findings were supported by substantial evidence.

G. L. c. 30A, § 14 (7) (*e*) (1984 ed.). *Langlitz* v. *Board of Registration of Chiropractors,* 396 Mass. 374, 379 (1985).

The police report contained an admission by the plaintiff that he had stored cocaine in a casket at the funeral home at which he was employed. The plaintiff told the arresting officer that on one occasion he went to the funeral home with two women, removed a plastic bag containing cocaine from a casket, and gave the bag to one of the women, who removed some cocaine from it. He then directed the woman to replace the bag in the casket. In light of this admission, we agree with the board and the single justice that the plaintiff's conviction for possession of cocaine involved misconduct which was sufficiently related to his employment as an embalmer and funeral director to sustain the board's revocation of his certificate of registration.

We need not decide whether a criminal conviction for possession of cocaine, standing alone, is an offense sufficiently related to the practice of embalming and funeral directing so as to warrant revocation of the offender's certificate of registration under G. L. c. 112, § 61. In the instant case, the storage of the contraband at the plaintiff's place of employment, together with his disbursement of the substance to a third party on those same premises, renders our decision an easy one. Cf. G. L. c. 112, §§ 83, 84 (1984 ed.).

*Judgment affirmed.*

*Cornelius J. Moriarty, II* (*Brian T. Conway* with him) for the plaintiff.

*Charles E. Walker, Jr.,* Assistant Attorney General, for the defendant.