Graham, J.
This action is an appeal from a decision of the Board of Appeal on Motor Vehicle Liability Policies and Bonds (“the Board”) upholding a decision of plaintiffs motor vehicle insurer to impose a surcharge on the plaintiff insured on the grounds that the Board’s decision is not supported by substantial evidence. The surcharge procedure, including the appeal mechanism, is set forth in G.L.c. 175, §113P. After review of the certified copy of the administrative record filed by the Board in accordance with G.L.c. 30A, §14(4), the board decision is REVERSED.
FACTS
Plaintiff Matthew S. Cantella (“Cantella”) was involved in a motor vehicle accident at the intersection of Massachusetts Avenue and Upland Road in Cambridge on August 19, 1991. Cantella was proceeding on Massachusetts Avenue. At the intersection of Upland Road, Cantella stopped his vehicle at the red light and waited to make a left-hand turn onto Upland Road. When the traffic light turned to green Cantella made a left hand-turn onto Upland Road. Plaintiffs vehicle had proceeded across two of the three lanes of oncoming traffic on Massachusetts Avenue when it was struck by a vehicle traveling straight ahead in the far right-hand lane of Massachusetts Avenue. Cantella’s vehicle sustained damage to the passenger-side door and rear quarter.
As a result of this accident, Cantella’s insurer, the Commercial Union Homeland Insurance Company, imposed a merit rating surcharge pursuant to G.L.c. 175, §113P and 211 C.M.R. §74.04(15). Cantella was notified of the surcharge by notice dated September 23, 1991, and on October 11, 1991, he appealed the surcharge assessment to the Board. The Board, after a hearing on the appeal, issued its decision dated December 31, 1992 in which it upheld the surcharge. The Board’s decision was based on evidence presented at the hearing. Upon review of all the testimony and documents before the Board, the Hearing Officer concluded that Cantella “failed in exercising due care in the operation and control of [his] vehicle by falling to yield the right of way to oncoming traffic. ” Cantella was found to be more than 50% at fault in the accident, and the Board upheld the surcharge.
DISCUSSION
General laws c. 175, §§113B and 113P establish a merit rating system whereby insurers are required to impose a surcharge upon insured drivers who are determined to be more than fifty percent at fault in causing a motor vehicle accident. 211 C.M.R. §§74.01 et seq., §§79.01 et seq. An insured driver who is aggrieved by the imposition of a surcharge may file a written complaint with the Board. G.L.c. 175, §113P. After a hearing on the application of the surcharge, the Board may affirm or vacate the surcharge. Id. The insured has a statutory right to appeal the Board's decision to the Superior Court under the terms of G.L.c. 30A, §14, the state administrative procedure act. Id.
Chapter 30A limits the Court’s review of the Board’s decision to determining whether the decision was in excess of the Board’s authority; based on an error of law; unsupported by substantial evidence; or arbitrary, capricious, or an abuse of discretion. G.L.c. 30A, *257 §14(7). Surcharge appeals most often focus on the Board's factual conclusions concerning fault, and therefore narrow the Court’s scope of review to the legal issue of substantial evidence.[1]
The Court must sustain the Board's decision unless the plaintiff demonstrates that the Board’s decision is unsupported by substantial evidence. Langlitz v. Board of Registration of Chiropractors, 396 Mass. 374, 379 (1985). “ ‘Substantial evidence’ means such evidence as a reasonable mind might accept as adequate to .support a conclusion.” G.L.c. 30A, §1(6); see Lycurgus v. Director of the Division of Employment Security, 391 Mass. 623, 627-28 (1984).
The Court’s inquiry is confined to the record developed before the Board. G.L.c. 30A, §14(5). The Court may not receive additional evidence, absent special circumstances set forth in G.L.c. 30A, §14(6). Upon application, the court may order the agency to receive additional evidence, where such evidence is material and where there was good reason for failure to present it to the agency in the first instance. However this proceeding is not a trial due novo on the record before the Board. Southern Worcester County Reg. Vocational School Dist. v. Labor Relations Commission, 386 Mass. 414, 420 (1982).
The Board is the sole judge of the credibility and weight to be afforded the evidence before it. Guarino v. Director of the Division of Employment Security, 393 Mass. 89, 92 (1984). “A court may not displace an administrative board’s choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo.” Southern Worcester County Regional Vocational School District, 386 Mass. at 420 (citation omitted).
The Board’s expertise and experience are entitled to great deference from the courts. DiLoreto v. Fireman's Fund Insurance Co., 383 Mass. 243, 248-49 (1981) (recognizing Board’s expertise in establishing presumptions and determining relative degrees of fault). As the party challenging the administrative ruling, the plaintiff bears the burden of demonstrating the invalidity of the Board’s decision. Faith Assembly of God v. State Building Code Commission, 11 Mass.App.Ct. 333, 335 (1981).
Pursuant to G.L.c. 175, §113P, the Board has established “standards of fault” to be used in determining when a driver is more than 50% at fault in causing a motor vehicle accident. 211 C.M.R. §§74.00 et seq. These presumptions as to fault, set forth in 211 C.M.R. §74.04, are “determinative unless a showing to the contrary is demonstrated by the evidence presented at an initial review or hearing . . .” 211 C.M.R. §74.03. These presumptions, if their application is supported by the evidence, are sufficient to meet the substantial evidence standard. DiLoreto v. Fireman’s Fund Insurance Co., 383 Mass. 243, 249 n.5 (1981). The applicable standard of fault in this case is 211 C.M.R. §74.04(15) which provides:
Collision while making left turn or U-tum across the path of travel of oncoming vehicle. An operator of a vehicle subject to the Safe Driver Insurance Plan, while making a legal or illegal U-tum across the path of travel of avehicle moving in the opposite direction or while making a left turn across the path of travel of a vehicle moving in the opposite direction, and is in collision with such vehicle, shall be presumed to be at fault in excess of 50%.
Cantella's main claim in this appeal is that the only evidence offered by the Board were circumstantial presumptions based on 211 C.M.R. §74.04(15) which was rebutted by him.
Cantella submitted a letter from David L. Bryant, Traffic Engineer for the City of Cambridge, in which Mr. Biyant stated that “the green signal for northbound Mass. Ave. .. . comes on 10 seconds before the green signal for southbound Mass. Ave.” He further gave uncontradicted evidence that the operator of the other vehicle proceeded through a red light. The Hearing Officer weighed Mr. Cantella’s statement and evidence against the evidentiary presumptions, and concluded that Cantella inappropriately relied on a delayed green light to provide clearance across three oncoming travel lanes. The Board determined that ten seconds could have elapsed while Mr. Cantella started his vehicle up from a stopped position at the traffic light, executed a left-hand turn, and crossed over two oncoming travel lanes on Massachusetts Avenue. It then concluded that the operator of the other vehicle did not proceed through a red light.
While the court must defer to the Board’s fact-finding role, including its drawing of reasonable inferences, the court determines that the Board’s findings are unsupported by substantial evidence. The presumptions based upon 211 C.M.R. §74.04(15) were rebutted by Cantella and there appears to be no other evidence to support the Board’s decision. See School Committee of Brookline v. Bureau of Special Education Appeals, 389 Mass. 705, 716 (1983). Therefore the imposition of the merit rating surcharge should be set aside.
ORDER
For the reasons set forth above, the decision of the Board of Appeal is REVERSED.

 If the reasons supporting an agency’s decision are supported by substantial evidence, the decision is not arbitrary or capricious. See Attorney General v. Department of Public Utilities, 390 Mass. 208, 228 (1983).