GHANSHYAM P. MASSAND *vs.* MEDICAL PROFESSIONAL
MUTUAL INSURANCE COMPANY.

Suffolk. May 2, 1995. - June 27, 1995.

Present: LIACOS, C.J., LYNCH, O'CONNOR, & GREANEY, JJ.

*Medical Professional Mutual Insurance Company. Insurance*, Medical
malpractice insurance. *Due Process of Law*, Medical malpractice insur-
ance, Assistance of counsel, Notice.

The procedures set forth in G. L. c. 175A, § 5C, for review of the medical
malpractice claims experience of physicians insured by the Medical
Professional Mutual Insurance Company provide adequate due process
protections for physicians subject to remedial action under that statute.
[693-696]

A physician insured by the Medical Professional Mutual Insurance Com-
pany was not denied procedural due process by an experience review
committee's refusal to allow the physician's attorney to be present at an
initial, informal, informational committee meeting. [696]

The notice given by an experience review committee of the Medical Pro-
fessional Mutual Insurance Company to one of its insured physicians
regarding review of the physician's malpractice claims experience and
proposed remedial action to reduce the possibility of future malpractice
complied with the provisions of G. L. c. 175A, § 5C (*a*) (4), and due
process requirements where it was reasonably calculated to apprise the
physician of the proceeding and to afford him an opportunity to present
his case. [696-697]

The authority granted an experience review committee of the Medical Pro-
fessional Mutual Insurance Company under G. L. c. 175A, § 5C, to
limit a physician's malpractice coverage as part of remedial action to
minimize the prospect of future malpractice is not an improper delega-
tion of the power to revoke a physician's license to practice medicine.
[697-698]

CIVIL ACTION commenced in the Superior Court Depart-
ment on March 4, 1992.

The case was heard by *Robert L. Steadman*, J., on mo-
tions for summary judgment.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*William H. Rowerdink, III,* for the plaintiff.

*Michael J. Lacek* for the defendant.

GREANEY, J. The plaintiff, Ghanshyam P. Massand, is an orthopedic surgeon insured by the defendant, the Medical Professional Mutual Insurance Company (MPMIC), formerly the Medical Malpractice Joint Underwriting Association of Massachusetts.[1] On February 14, 1992, the experience review committee (committee) of the MPMIC notified the plaintiff that, because of the number and severity of the malpractice claims filed against him, the committee had agreed unanimously to impose remedial action to reduce the risk of malpractice. The plaintiff filed a complaint in the Superior Court pursuant to the declaratory judgment statute, G. L. c. 231A, § 1 (1992 ed.), and G. L. c. 175A, § 5C (*a*) (6) (1992 ed.),[2] alleging that (1) the committee's decision constituted a deprivation of his property (his right to earn a living practicing medicine) without due process of law, and (2) the notice provided failed to satisfy due process requirements as well as the statutory requirements of G. L. c. 175A, § 5C (*a*) (4). The plaintiff also alleged that G. L. c. 175A, § 5C, is facially invalid because it fails to provide adequate procedural safeguards and because it impermissibly delegates to the committee authority which is within the exclusive jurisdiction of the Board of Registration in Medicine. The parties stipulated to the facts and exhibits, and on cross motions for summary judgment, see Mass. R. Civ. P. 56 (a) and (b), 365 Mass. 824 (1974), a judge of the Superior Court granted summary judgment in favor of the MPMIC. We transferred the case here on our own motion, and we now affirm.

---

[1] The Medical Malpractice Joint Underwriting Association of Massachusetts was renamed the Medical Professional Mutual Insurance Company pursuant to St. 1994, c. 330, effective January 11, 1995.

[2] There was no need for the plaintiff to resort to G. L. c. 231A because G. L. c. 175A, § 5C (*a*) (6), expressly authorizes the plaintiff's action to test the adequacy of the committee's determination.

The background of the case is as follows. On November 17, 1990, the committee identified the plaintiff as a physician with malpractice problems. After reviewing his claim history, the committee notified the plaintiff of its intention to impose remedial action in order to reduce the possibility of future incidents of malpractice. The remedial action proposed by the committee included: (1) limitation of the plaintiff's malpractice coverage to exclude all spinal surgery; (2) imposition of a 25% surcharge on applicable premiums; (3) a requirement that the plaintiff submit information regarding his hospital and clinic privileges; and (4) review by the MPMIC's risk management staff of all of the plaintiff's hospital and office records. The committee further advised that, prior to implementation of the proposed remedial action, the plaintiff had the right to review the information on which the committee relied in reaching its determination, and the right to meet with the committee to discuss and respond to any claims made against him. The plaintiff, however, was not entitled to be accompanied by an attorney during this meeting.

In response to this notification, the plaintiff scheduled a meeting with the committee, and on three separate occasions, the plaintiff and his attorney reviewed the information on which the committee relied. On the day of the scheduled meeting, the plaintiff and his attorney arrived at the MPMIC office. The plaintiff declined to participate, however, after the committee refused to allow his attorney to be present. Several days later, the committee notified the plaintiff that it had reached a final determination, and that it had decided to implement the remedial action which had been proposed originally.

The plaintiff then filed his complaint in Superior Court. Imposition of the remedial action was stayed pending resolution of the judicial proceeding. In the Superior Court, the plaintiff failed to challenge the substance of the committee's determination. Instead, he argued that the procedure followed by the committee failed to satisfy procedural due process requirements, and that the committee's decision was invalid in other respects.

1. We address first the plaintiff's contention that the committee's decision to impose remedial action constituted a deprivation of his property without due process of law.[3] We assume, in the plaintiff's favor (although the issues are disputed), that the committee's action caused the plaintiff a deprivation of property protected by Federal and State due process requirements, and that the MPMIC is a State actor such that its action is subject to due process scrutiny. We conclude that the procedure outlined in G. L. c. 175A, § 5C, provided the plaintiff with all the process that was constitutionally due.[4]

General Laws c. 175, § 5C (*a*) (1), authorizes the MPMIC to establish an experience review committee to review the malpractice claim experience of physicians it insures. The purpose of this review is to identify physicians with likely malpractice problems and to implement appropriate remedial measures designed to reduce incidents of malpractice. G. L. c. 175A, § 5C (*a*) (2). This effort seeks to protect future patients against injuries that might otherwise occur and to reduce costs associated with substandard medical care. The committee function is part of a larger legislative scheme directed at controlling the escalation of malpractice claims and awards.

Under the experience review statute, once the committee determines that remedial action is necessary, it notifies the physician in writing of the proposed remedial action and the

---

[3]Specifically, the plaintiff argues that, at the experience review level, due process requires (1) adequate notice of the charges or basis for the committee's action; (2) a full and impartial hearing before a neutral decision maker with the opportunity to present evidence and witnesses; (3) the right to confront and cross-examine witnesses; (4) the right to counsel; (5) the imposition of an articulable burden of proof upon the committee; and (6) a decision based upon the record with a statement of reasons for the decision.

[4]In analyzing the due process issues, we keep in mind that "we have treated the procedural due process protections of the Massachusetts and the United States Constitutions identically." *Liability Investigative Fund Effort, Inc.* v. *Massachusetts Medical Professional Ins. Ass'n*, 418 Mass. 436, 443, cert. denied, 115 S. Ct. 666 (1994).

reasons supporting the committee's determination. G. L. c. 175A, § 5C (*a*) (4). The physician then may meet with the committee to obtain a further explanation of the committee's determination, and to discuss and respond to any claims made against him. *Id.* The physician may not be accompanied by an attorney at the meeting.[5]

Following this meeting, the committee must arrive at a final determination on remedial action. If aggrieved by this determination, the physician may file a complaint in Superior Court where he is to receive "a speedy hearing on the merits without a jury." G. L. c. 175A, § 5C (*a*) (6). The court may "modify, amend, annul, reverse or affirm the final determination of the committee," and it "shall review all questions of fact and law involved therein." *Id.* Unless the court orders otherwise, any remedial action proposed by the committee is automatically stayed pending resolution of the court proceeding. *Id.*

"Once it is determined that due process applies, the question remains what process is due. It has been said so often by [the United States Supreme Court] and others as not to require citation of authority that due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey* v. *Brewer*, 408 U.S. 471, 481 (1972). The fundamental right protected by due process is the right to be heard in a meaningful manner at a meaningful point in the process leading to the possible deprivation of the right at stake. See *Goldberg* v. *Kelly*, 397 U.S. 254, 267 (1970). The "ordinary principle" is that initial governmental action may be taken which might affect a property interest without an evidentiary hearing if the party claiming harm has the right to prompt and adequate judicial review. See *Mathews* v. *Eldridge*, 424 U.S. 319, 343 (1976).

We are satisfied that, in establishing the experience review plan in G. L. c. 175A, § 5C, to address a serious medical

---

[5]The exclusion of counsel from the committee meetings is an internal regulation established by the MPMIC in its experience review plan (plan). This plan was approved by the Commissioner of Insurance pursuant to G. L. c. 175A, § 5C (*a*) (7).

malpractice crisis, the Legislature provided adequate due process protections for an insured physician who is the subject of remedial action. In reaching this conclusion, we have taken into account the following process-specific features of the statute governing judicial review of the committee's decision:

(i) any remedial action imposed by the committee is automatically stayed pending completion of judicial review, unless a judge specifically orders otherwise. (Here the remedial action imposed on the plaintiff was stayed throughout the proceedings in the Superior Court);

(ii) a complaint seeking judicial review is to be assigned for a speedy hearing;

(iii) the physician has the right to counsel to present his complaint;

(iv) the judge considering the matter is to deal with the "merits" of the committee's action and to "review all questions of fact and law";

(v) all information before the committee is made available to the judge;

(vi) testimony and evidence may be received in accordance with G. L. c. 175A, § 5C (*b*) (2)-(4); and

(vii) the reviewing judge is empowered "to modify, amend, annul, reverse or affirm the final determination of the committee" and to "make any appropriate judgment."

As MPMIC states in its brief, the judicial review provided for by the statute is meant to be "plenary" in nature. Before the committee's decision is upheld, a judge must be satisfied that there is an adequate factual basis to support the determination that remedial action is needed, and that the remedial action proposed is reasonably related to the problems identified by the committee. Keeping in mind the statute's restriction that, "[i]n no event shall the experience review committee . . . deny all coverage to a duly licensed physician based upon review under the plan," G. L. c. 175A, § 5C (*a*) (5), the provision for access to the judicial system for review of the committee's decision on its merits, as outlined above,

*before* the implementation of any remedial action, provided the plaintiff with adequate due process protection.

2. We next discuss briefly the plaintiff's two arguments that he received insufficient process during the initial stage of the proceeding when the committee decided to impose remedial action based on its review of the plaintiff's malpractice history. We note, in connection with this point, that "Due Process does not, of course, require two [constitutionally sufficient] hearings." *Goldberg* v. *Kelly, supra* at 267 n.14.

(a) We reject the plaintiff's argument that he was denied procedural due process when the committee refused to allow his attorney to be present at the committee meeting. The statute designates that meeting as an informal, informational meeting which does not require the full panoply of procedural safeguards. Further, since adequate judicial review over the committee's determination exists, any additional benefit associated with having an attorney present at the initial meeting would not outweigh the administrative burden imposed on the committee. See *Walters* v. *National Ass'n of Radiation Survivors*, 473 U.S. 305, 319-334 (1985).

(b) We also reject the plaintiff's claim that the notice provided to him failed to comply with G. L. c. 175A, § 5C (*a*) (4), and due process requirements, in the sense (as the plaintiff argues), that the committee's notice "failed to articulate with any specificity the nature, kind or number of claims which prompted its resort to 'remedial action' against him."

The statute requires that the committee provide an insured physician written notice of its proposed remedial action and the reasons supporting its determination. G. L. c. 175, § 5C (*a*) (4). Nowhere in the statute, however, is the committee required to specify the nature, kind or number of claims on which the committee relied. In December, 1991, the committee notified the plaintiff, in writing, that due to the number and severity of the claims brought against him since the inception of his coverage, remedial action was necessary in order to reduce the risk of future incidents of malpractice. The committee then outlined its proposed remedial action and advised the plaintiff that it included, among other measures, a

limitation of the plaintiff's malpractice insurance to exclude coverage for spinal surgery. The reasons specified by the committee (the number and severity of the claims) coupled with the substance of the proposed remedial action, namely, a limitation of the plaintiff's insurance coverage to exclude spinal surgery, apprised the plaintiff of the basis of the committee's determination.[6]

We conclude that the notice provided was "reasonably calculated to apprise [the plaintiff] of the proceeding and to afford him an opportunity to present his case." *Langlitz v. Board of Registration of Chiropractors*, 396 Mass. 374, 376 (1985), quoting *LaPointe v. License Bd. of Worcester*, 389 Mass. 454, 458 (1983). "Due process does not require that notices of administrative proceedings 'be drafted with the certainty of a criminal pleading,' as long as the notice is sufficient for persons whose rights may be affected to understand the substance and nature of the grounds upon which they are called to answer." *Langlitz, supra* at 377, quoting *Higgins v. License Comm'rs of Quincy*, 308 Mass. 142, 145, 146 (1941). Not only did the plaintiff receive written notification of the committee's decision, he also reviewed his claim history file on three occasions with his attorney, and had an opportunity to meet with the committee in order to obtain a further explanation of the committee's determination. Although the plaintiff chose not to meet with the committee, having failed to take advantage of the opportunity to obtain additional information, he may not now claim a denial of due process on the basis of inadequate notice. *Foster from Gloucester, Inc. v. City Council of Gloucester*, 10 Mass. App. Ct. 284, 291 (1980).

3. The plaintiff's final contention is that G. L. c. 175A, § 5C, improperly delegates to the committee the power to regulate the practice of medicine. The argument rests on the

---

[6]We also reject the plaintiff's contention that the notice he received failed to comply with G. L. c. 30A, § 11. The plaintiff's reliance on G. L. c. 30A is misplaced. The Legislature has outlined specific procedures to govern the experience review process, and, thus, has carved out an exception to the general administrative procedures set forth in G. L. c. 30A.

faulty premise that the experience review committee operates as a "de facto licensing board."

The authority to regulate the practice of medicine and to license physicians is vested in the Board of Registration in Medicine, see G. L. c. 112, §§ 2, 5 (1992 ed.), and that authority has not been delegated to the committee. What the Legislature has conferred on the committee is the ability to impose remedial action on those physicians *insured with the MPMIC* whose claim history indicates more than ordinary malpractice problems. The committee acts essentially in an underwriting capacity, assessing risk, and assigning conditions which will minimize the prospect of future malpractice. The committee's authority to limit a physician's coverage as part of its remedial action does not amount to the power to revoke a physician's license to practice medicine.

*Judgment affirmed.*