Borenstein, J.
The City of Cambridge (“plaintiff’) brings this action for judicial review pursuant to G.L.c. 30A, §14. Plaintiff asks the court to reverse a decision by the Outdoor Advertising Board (“the Board”) that approved renewal of billboard permits held by Cambridge Lumber and Supply Inc. (“Cambridge Lumber”). After a hearing, the court affirms the Board’s decision.
BACKGROUND
After hearing testimony by Cambridge residents, a Cambridge city official, and the owner of Cambridge Lumber, as well as receiving photographs, maps, and other evidence, the hearing officer held that the billboards did not violate any Board regulations. The Board adopted the hearing officer’s reasoning in its Final Decision to renew the permits.
As grounds for reversal, plaintiff asserts that the Board’s decision was unsupported by substantial evidence, was based on an error of law, constituted an abuse of discretion, and was arbitrary and capricious. More specifically, plaintiff contends that renewal of the permits violates 711 C.M.R. 3.13(3), because the billboards are “out of harmony” with the surrounding area; and 711 C.M.R. 3.13(5), because the billboards are within 300 feet and visible from Linear Park.
DISCUSSION
The party appealing an administrative decision bears the burden of demonstrating the decision’s invalidity. Merisme v. Board of Appeals on Motor Vehicle Liab. Policies & Bds., 27 Mass.App.Ct. 470, 474 (1989). In reviewing the agency decision, the court is required to give due weight to the agency’s experience, technical competence, specialized knowledge, and the discretionary authority conferred upon it by statute. Flint v. Commissioner of Public Welfare, 412 Mass. 416, 420 (1992).
The Board, not the court, is entitled to weigh the credibility of witnesses and resolve factual disputes. School Committee of Wellesley v. Labor Relations Commission, 376 Mass. 112, 120 (1978). In reviewing questions of law, the court must give considerable deference to the Board’s interpretation of its own rules and regulations. Welford v. Noreba, 411 Mass. 798, *676 804-5 (1992). The court must affirm the Board’s decision if it is supported by substantial evidence, which is defined as “such evidence as a reasonable mind might accept as adequate to support a conclusion.” Seagram Distillers Co. v. Alcoholic Beverages Control Commission, 401 Mass. 713, 721 (1988); G.L.c. 30A, §1(6).
Plaintiff first challenges the hearing officer’s determination that the billboards are in harmony with the surrounding area under 711 C.M.R. 3.13(3). Plaintiff argues that the officer’s characterization of two Cambridge citizens as having an “agenda” was unfair, because the witnesses had no financial stake in the outcome of the hearing; plaintiff also notes that the hearing officer did not mention in his findings the testimony of the Cambridge Director of Land Use and Zoning.
These complaints do not state grounds for reversing the Board’s decision. The hearing officer is entitled to weigh the credibility of the witnesses. Furthermore, his determination was reasonably based on photographs, which showed several other billboards in the immediate area, and on the failure of the City’s witness to testify to whether the billboards were out of harmony with the current surroundings (as opposed to the City’s future plans to beautify the area). The Board’s conclusion was thus supported by substantial evidence; nor is it arbitrary or capricious or an abuse of discretion.
Plaintiff also contests the Board’s decision based upon 711 C.M.R. 3.13(5), which prohibits the renewal of billboard permits if the billboard is within 300 feet and visible from a park. The Board’s regulations define “park” as “any park, playground, cemetery, or other land, regardless of ownership, which is available for public use, or reserved for the public, for recreation or conservation purposes.” 711 C.M.R. 3.01. The Board’s conclusion was based solely on the hearing officer’s determination that Linear Park does not constitute a park, since all parties concede that the billboards are visible from and within 300 feet of Linear Park.
The hearing officer’s ruling was based on the park evaluation form for Linear Park and testimony concerning the permitted uses of the land. He reasoned that the recreational use of Linear Park involves only bicycling and walking, activities that do not distinguish it from a sidewalk or roadway.[2] Furthermore, the hearing officer held that the developed, landscaped nature of Linear Park prevented it from serving a “conservation” purpose. Thus, the Board’s conclusion that Linear Park is not a “park” under Board regulations was based on substantial evidence and was an acceptable interpretation of its own regulations.
In sum, plaintiff has failed to prove that the Board’s decision was not supported by substantial evidence, based on an error of law, an abuse of discretion, or arbitrary or capricious. Therefore, the court must affirm the decision of the agency. See G.L.c. 30A, §14(7); Langlitz v. Board of Registration of Chiropractors, 396 Mass. 374, 379 (1985).
ORDER
For the foregoing reasons, it is therefore ORDERED that judgment enter AFFIRMING the decision of the Outdoor Advertising Board.

Although the hearing officer did err in finding that Linear Park has no benches, this error alone does not require a reversal.