Borenstein, J.
On August 24, 1995, Plaintiff Abraham Rodriguez (“Rodriguez”) was issued a Disciplinary Ticket alleging participation in a riot at M.C.I. Shirley. A hearing was held on November 13, 1995 and the hearing officer issued a finding of guilt. The Hearing Officer imposed a penalty of six month loss of canteen, visitation and telephone privileges, the forfeiture of 350 days of good conduct, and reclassification to higher security. Rodriguez filed a timely appeal with the Superintendent of M.C.I. Shirley.
In support of his appeal and motion, Rodriguez argues that the department violated his due process rights by denying him the opportunity to call certain material witnesses and to inspect and present potentially exculpatory evidence. Specifically, Rodriguez claims that the hearing officer violated 103 CMR 430.14(4), which permits an accused to call witnesses and introduce evidence. The department counters that the hearing officer validly denied Rodriguez’s request for witnesses because he failed to provide a written summary of the expected testimony.
For reasons set forth below, defendant’s motion is DENIED and the plaintiffs motion is ALLOWED. The case is hereby REMANDED for rehearing consistent with this opinion.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material facts and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to Judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The nonmoving party’s failure to prove an essential element of its case “renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991) citing Celotex v. Catrett, 477 U.S. 317, 322 (1986).
Courts traditionally “permit prison administrators considerable discretion in the adoption and implementation of prison policies . . .” Royce v. Commissioner of Correction, 390 Mass. 425, 427 (1983) (citations omitted). Moreover, the findings of a disciplinary hearing should remain undisturbed absent a finding by the court that the decision was not supported by substantial evidence or were based upon an error of law. Murphy v. Superintendent of M.C.I. Cedar Junction, 396 Mass. 379, 388, n.12 (1983).
In the seminal case of Wolff v. McDonnell, the U.S. Supreme Court wrote the following:
. . . the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals . . . Prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority . . . Although we do not prescribe it, it would be useful for the Committee to state its reason for refusing to call a witness, whether it be for irrelevance, lack of necessity, or the hazards presented in individual cases.
Wolff v. McDonnell, 94 S.Ct. 2963, 2979, 2980 (1974). Without doubt, a hearing officer may harbor valid concerns about the safety of its informants and the operation of the institution, but the task of a disciplinary hearing officer “is to make a bona fide evaluation of the credibility and reliability of the evidence." Nelson v. Commissioner of Correction, 390 Mass. 379, 393 (1983). Where, as here, the department establishes a *673 regulation, “it must comply with those regulations ...” Royce, supra at 427.
Here, the plaintiff requested access to a videotape of the incident in question. In addition, he requested the presence of an officer who he claimed would have demonstrated that he did not participate in the riot.[2] The hearing officer without explanation refused to accept critical testimony which might have significantly clarified the plaintiffs role, if any, in the riot. Without the full benefit of all the available evidence, the hearing on this matter was constitutionally deficient.[3]
ORDER
For the foregoing reasons, the defendant’s motion for summary judgment is hereby DENIED and the plaintiffs motion for summary judgment is hereby ALLOWED. The court orders that final order be entered for the plaintiff VACATING the findings of the hearing officer, and REMANDING the disciplinary charges to the Department of Correction for a new hearing, to be held as soon as is feasible, which hearing shall be conducted in accordance with this memorandum of decision.

 The department counters by arguing that the plaintiff failed to provide timely summaries of expected testimony of witnesses. However, it is uncontroverted that the plaintiff did inform the disciplinary board of his theory in opposition to the disciplinary infraction. The hearing officer was clearly aware of the expected testimony. Given the plaintiffs incarceration in segregation, the court finds that the hearing officer should have considered hearing the testimony nonetheless.

 This is especially true in light of the failure of the hearing officer to state any reason for the failure to call the witness or produce the video. See Abrazinski v. DuBois, 876 F.Supp. 313, 321 (D.Mass. 1995) (court stated that it would be useful for prison officials to state a reason for denying request to call a witness). Thus, the hearing officer should have, at a minimum, considered the value of the evidence at issue.