Cowin, J.
INTRODUCTION
This matter is before the Court on an appeal by the plaintiff Marilyn A. Beck (Beck) from a decision of the Board of Appeal on Motor Vehicle Liability Policies and Bonds (the Board) affirming a determination by Beck’s insurer, People’s Service Insurance Company (People’s), that Beck was more than fifty percent at fault in a motor vehicle accident occurring on May 30, 1996, and upholding People’s imposition of an insurance premium surcharge on Beck for that accident. For the reasons discussed below, the Board’s decision is AFFIRMED.
BACKGROUND
On May 30, 1996, a wet and rainy day, the plaintiff Beck was involved in a motor vehicle accident with a second vehicle driven by Anthony Adamis (Adamis). The accident occurred at the intersection of Huntington Avenue and Francis Street in Boston. Immediately prior to the accident, Beck’s vehicle had been stopped behind Adamis’ vehicle at a red light. When the light *365 changed to green, the traffic, which was dense, proceeded straight through the intersection. When the vehicles were almost completely across the intersection, Adamis’ vehicle stopped and Beck’s vehicle, travelling at approximately 10 m.p.h., hit him from behind. Beck’s version of the accident was that Adamis stopped suddenly and without cause and that she was eight to ten feet behind Adamis’ vehicle but that due to the sudden stop and the wet road conditions she was unable to avoid colliding with the rear end of his vehicle.
Under the Massachusetts Safe Driver Insurance Plan, People’s was required to make a determination as to whether its insured was more than fifty percent at fault for the accident. G.L.c. 175, §§113B, 113P (1994). People’s determined that Beck was indeed more than fifty percent at fault in reliance on 211 Code Mass. Regs. §74.04(03). Said regulation provides that an operator of a motor vehicle which is in collision with the rear of another vehicle shall be presumed to be at fault in excess of 50%. As a result of this determination, People’s issued an insurance premium surcharge notice to Beck on June 10, 1996.
Beck appealed People’s determination to the Board pursuant to c. 175, §113P on July 17, 1996. In a decision dated November 21, 1996, the Board found that Beck “did not use due caution when traveling behind another vehicle” and that Beck “bore the duly to provide adequate distance between the two vehicles. However, given the congestion and prevailing road conditions, [Beck] only allotted a distance of eight to ten feet. [Beck] should have been on notice of the wet road conditions, and realizing that traffic could quickly stop at any time due to the congestion, should have prepared for such an occasion by increasing the distance between the two vehicles.” Thus, the Board concluded that Beck was more than fifty percent at fault for the accident and upheld the surcharge issued by People’s. Beck now seeks judicial review of the Board’s decision pursuant to G.L.c. 175, §113P and c. 30A, § 14, asserting that the decision was unsupported by substantial evidence.
DISCUSSION
General Laws c. 175, §113B establishes a Safe Driver Insurance Plan which provides for driver classifications and insurance premium adjustments based on an insured’s driving record. Under this plan, an at-fault accident constitutes a surchargeable incident. G.L.c. 175, §113B (1994). Accordingly, insurers of motor vehicles in Massachusetts are required to impose merit rating surcharges on insured drivers who are more than fifty percent at fault in causing a motor vehicle accident, c. 175, §113. Pursuant to this requirement, the Board has established standards of fault to be used in determining when a driver is more than fifty percent at fault in causing an accident. 211 Code Mass. Regs. §74.04. These standards of fault are determinative unless the operator overcomes the presumption of fault by producing sufficient evidence to the contrary at an initial review or hearing of the Board. 211 Code Mass. Regs. §74.03.
Chapter 175, Section 113P allows any person aggrieved by a finding or order of the Board to appeal therefrom to the Superior Court pursuant to the provisions of chapter 30A Section 14, the Massachusetts Administrative Procedure Act. G.L.c. 175, §113P (1994). Judicial review of the Board’s decision is thus confined to the administrative record. G.L.c. 30A, §§14(4), 14(5); Cohen v. Board of Registration in Pharmacy, supra at 253. Accordingly, this Court must sustain the Board’s decision unless Beck, among other things, meets her burden of demonstrating that the Board’s decision is unsupported by substantial evidence. Langlitz v. Board of Registration of Chiropractors, 396 Mass. 374, 379 (1985); Merisme v. Board of Appeals on Motor Vehicle Liab. Policies and Bonds, 27 Mass.App.Ct. 470, 474 (1989). Substantial evidence means such evidence that a reasonable mind might accept as adequate to support a conclusion. G.L.c. 30A, §1(6); Lycurgus v. Director of the Div. of Employment Sec., 391 Mass. 623, 627-28 (1984). Substantial evidence must be evaluated in the light of contradicting evidence which fairly detracts from the weight of the evidence upon which the agency relied. Cohen v. Board of Registration in Pharmacy, 350 Mass. 246, 253 (1966).
Standard of Fault 3 states that “An operator of a vehicle subject to the Safe Driver Insurance Plan which is in collision with the rear of another vehicle shall be presumed to be at fault in excess of 50%.” 211 Code. Mass. Regs. §74.04(3). The Board has expertise in the determination of relative degrees of fault in motor vehicle accidents and it may use such expertise to establish evidentiary presumptions. DiLoreto v. Fireman’s Fund Ins. Co., 383 Mass. 243, 248-49 (1981). It is undisputed that Beck’s vehicle struck the rear of Adamis’ vehicle. Thus, the Board was entitled to apply the presumption in Standard of Fault 3 to the accident at issue.
Nonetheless, Beck argues that the Board’s finding of fault is not supported by substantial evidence. The presumptions of fault set forth in 211 Code Mass. Regs. §74.04 are determinative unless a showing to the contrary is demonstrated by sufficient evidence presented by the appellant the hearing. 211 Code Mass. Regs. §74.03.[2] The presumptions are thus rebuttable. DiLoreto v. Fireman’s Fund Ins. Co., supra at 248. Under the “bursting bubble” theoiy usually applied to civil presumptions, once any controverting evidence is introduced, the presumption disappears and the evidence must be weighed independently of the presumption. Riordan's Case, 362 Mass. 882, 883 (1972); Jacobs v. Town Clerk of Arlington, 402 Mass. 824, 828 (1988). However, this “bursting bubble” approach does not apply to the standards of fault contained in 211 Code Mass. Regs. §74.04 because “the *366 wording of the regulation itself requires not merely the introduction of some contradictory evidence in order to overcome the presumption, but rather that a ’’showing" contrary to the presumption be “demonstrated." Yazbeck v. Board of Appeal on Motor Vehicle Liability Policies and Bonds, 41 Mass.App.Ct. 915, 916 (1996).
The only evidence introduced by Beck to rebut the presumption of fault is her assertion that Adamis was in fact responsible for the accident. According to Beck’s version of the accident, Adamis stopped suddenly and without cause and because of the wet road conditions, she was unable to avoid hitting him. This testimony did not destroy the presumption that Beck was at fault for the accident because she hit another vehicle from the rear; rather, the presumption remained to be weighed against Beck’s version of the incident. DiLoreto v. Fireman’s Fund Ins. Co., supra at 249 n.5; Yazbeck v. Board of Appeal of Motor Vehicle Liability Policies and Bonds, supra at 916. As the sole judge of the credibility and weight to be afforded the evidence before it, the Board was entitled to find that Beck’s version of events was not credible. Guarino v. Director of the Div. of Employment Sec., 393 Mass. 89, 92 (1984); Merisme v. Board of Appeal on Motor Vehicle Liability Policies and Bonds, supra at 472. It is well established that an agency’s disbelief of certain testimony does not create substantial evidence to the contrary. Merisme v. Board of Appeal on Motor Vehicle Liability Policies and Bonds, supra at 474. However, given that Beck failed to introduce sufficient credible evidence to rebut the presumption that because she hit another vehicle from behind she was at fault, the Board was entitled to rely on this presumption as determinative.
Moreover, notwithstanding the presumption of fault, there was ample evidence in the administrative record supporting the conclusion that Beck was to blame for the accident. In reaching this conclusion, the Board reviewed not only Beck’s written appeals and testimony but also the claimant’s report of the accident, the vehicle damage appraisal, the Automobile Loss Notice and the accident information sheet. Based on these documents, the Board found that at the time of the accident the roads were slippery and wet and traffic was congested. Article IV, Section 7 of the Rules of Regulations for Driving On State Highways states, “The driver of a vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of such vehicle and the traffic upon and condition of the highway.” The Board therefore found that Beck bore the burden of operating with due care to the rear of another vehicle and had a duty to leave sufficient distance between her vehicle and Adamis’ vehicle. The Board then concluded that in light of the poor weather and congested traffic conditions at the time, Beck failed to leave sufficient distance between her vehicle and Adamis’ vehicle, causing the accident. Thus, based not only on the presumption of fault arising from involvement in a rear end collision, but also the Board’s consideration of witness credibility and the other evidence in the record, the Board’s determination that Beck was more than 50% at fault for the accident was supported by substantial evidence in the record.
Beck contends, however, that the Board’s decision is erroneous because in its Statement of Facts the Board notes: ‘The claimant stated that he stopped as a result of the line of traffic stopping.” Beck argues that there was no substantial evidence to support such a finding and, therefore, no substantial evidence to support the conclusion that Beck was at fault for the accident. Foremost, it appears that the Board’s inclusion of this sentence in its decision does not constitute a finding of fact, but rather, merely repeats Adamis’ version of the accident by way of background information. Assuming, however, that the quoted reference was intended by the Board as a factual finding that Adamis stopped because the line of traffic stopped, this Court deems such a finding unsupported by substantial evidence in the record and sets it aside.[3]
Nonetheless, this does not compel the conclusion that the Board’s decision was unsupported by substantial evidence. Beck assumes that the Board based its determination that she was at fault on a finding that Adamis stopped because traffic stopped rather than stopping suddenly without cause. Neither logic nor the Board’s written decision dictate such a result. As discussed, supra, the Board’s decision states that Beck bore the burden of operating with due care to the rear of another vehicle and had a duty to leave sufficient distance in light of the poor weather and congested traffic conditions between her vehicle and Adamis’ vehicle. The Discussion and Conclusion portions of the Board’s decision do not mention the cause of Adamis’ stopping as a factor. Indeed, it appears that the Board concluded that regardless of whether Adamis stopped properly as a result of traffic stopping, or improperly as a result of a sudden stop, Beck failed to leave sufficient room between her vehicle and Adamis’ vehicle. This finding, given the weather, congestion and the fact that Beck was only eight or ten feet behind the car in front of her is warranted.
In reviewing an agency decision, the court is required to give due weight to the agency’s experience, technical competence, specialized knowledge and statutorily conferred discretion. G.L.c. 30A, §14(7); Flint v. Commissioner of Pub. Welfare, 412 Mass. 416, 420 (1992). This is not a de novo determination by the Superior Court, but a review of an agency decision. If the agency decision is supported by substantial evidence and is not otherwise unlawful, the decision is to be affirmed. In this case, in essence, the facts are not disputed, except for the one fact which is not material. Therefore, given the Board’s expertise, its conclusion that the operator was not sufficiently careful is entitled *367 to great deference. (This is not a case in which the Board’s decision was based on disputed facts.) Given the record in the present case, I cannot say that the Board, in light of its expertise, was arbitrary or otherwise unlawful in concluding that Beck failed to introduce sufficient evidence to rebut the presumption of fault.
The Board’s finding that Beck failed to exercise due care in the operation of her vehicle and was more than fifty percent to blame for this accident is supported by substantial evidence in the record. Cf. Cantella v. Board of Appeals on Motor Vehicle Liab. Policies and Bonds, Civil No. 92-8115, 1 Mass. L. Rptr. 256 (Middlesex Super. Ct. Oct. 29, 1993) (holding that the Board’s decision was not supported by substantial evidence where the plaintiff rebutted the regulatory presumption through uncontroverted evidence that the driver of the other vehicle had proceeded through a red light). The decision of the Board was within its authority as delegated by the Legislature and was supported by substantial evidence. Accordingly, the Board’s decision upholding the imposition of a merit rating surcharge on Beck must stand.
ORDER
For the foregoing reasons, it is hereby ORDERED that judgment enter that the decision of the Board of Appeal on Motor Vehicle Liability Policies and Bonds is AFFIRMED.

 The presumptions contained in the standards of fault promulgated by the Board are sufficient to meet the substantial evidence standard if they are unrebutted. DiLoreto v. Fireman's Fund Ins. Co., supra at 249 n.5.

 The administrative record neither reveals where or when Adamis made such a statement, nor provides any factual support for the alleged statement. However, Beck herself makes a reference in the record to the traffic congestion that day. See “Description of How Accident Happened” attached to Beck’s Surcharge Appeal Form.